### HENRY ILSE v. A. H. SEINSHEIMER.
#### No. 2733.

**Mortgage Lien—Description.**—The registration of the abstract of a judgment fixes a lien on land of the judgment debtor within the county, as between the parties, though it be misdescribed in the recorded deed; but such lien is subordinate to a prior lien fixed by mortgage executed by the judgment debtor, though it also contains the same misdescription of the property, and notice of the mortgagee's equitable rights given at any time before the sale under execution is sufficient to preserve them.

APPEAL from Jackson. Tried below before Hon. W. H. Burkhart. The opinion states the case.

*W. S. Delaney*, for appellant.— 1. The basis of the court's judgment is to the effect that when Freiberg, Klein & Co. filed in the clerk's office of Jackson County the abstract of their judgment against Baring, they acquired thereby a lien upon the lot above described as the east half of lot No. 2 in block No. 14, and that at the subsequent sale of said lot on November 7, 1887, the plaintiff A. H. Seinsheimer acquired a good title thereto as against the defendant Ilse. Now, if the record of that judgment against Baring created a lien upon this lot, it must have been because this lot was then the property of Baring. Rev. Stats., art. 3159.

2. If the lot above described as the east half of lot No. 2 was then the property of Baring, and thus became subject to the lien of said judgment, it was so by virtue of a conveyance to Baring made in 1884, which was intended to convey this particular lot, but which by mistake purported to convey the east half of lot No. 3.

3. If the conveyance to Baring made in 1884, purporting on its face to convey the east half of lot No. 3, really conveyed the east half of lot No. 2, because that was the intention of the parties, then for the same reason the mortgage of Baring to Ilse, made in the same year, and containing the same mistake, conveyed the property or a lien upon it to Ilse, the appellant.

4. This lien, which was created by the record of the mortgage in April, 1885, was prior and superior to the lien of the judgment recorded in April, 1887.

No brief on file for appellee.

HENRY, Associate Justice.—This was an action of trespass to try title, instituted by appellee.

The land in controversy is described as the "east half of lot No. 2, in block No. 14, range 6, in the town of Edna."

The defendant pleaded "not guilty."

The cause was tried without a jury and judgment rendered in favor of the plaintiff for the recovery of the land.

Both parties claimed under O. A. Baring as common source.

Appellant's title is as follows: Baring purchased lots 2 and 4 in 1884, and his title papers were duly recorded in Jackson County on September 5 of that year. The deed correctly described lot No. 4, but by a mistake there was a misdescription of the other lot. Instead of describing it as the east half of lot No. 2, the deed described it as the east half of lot No. 3. Baring was ignorant of the mistake in the deed. On December 19, 1884, Baring mortgaged the two lots to appellant to secure a loan of $2000; but the same mistake and misdescription which occurred in the deed to Baring was carried into the mortgage—that is, the east half of lot No. 2 was described as the east half of lot No. 3. Ilse was also ignorant of the mistake.

This mortgage was duly recorded in Jackson County on April 13, 1885. On October 5, 1885—after the levy, but before the sale under which appellee bought—Ilse, having discovered the mistake in his mortgage, filed suit in the District Court of Jackson County to correct the mistake in the mortgage and foreclose it. The decree correcting the mistake in the mortgage and foreclosing it was rendered November 19, 1887. Under an order of sale by virtue of this decree the lots were sold by the sheriff in February, 1888, and bought by appellant Ilse.

On February 25, 1888, W. H. Carter, the vendor of Baring, made a deed to him for the east half of lot No. 2, above described. This deed recites the mistake and misdescription contained in the original deed of August 19, 1884, and states that it was made to correct that mistake and to convey the east half of lot No. 2, as was the intention of the original deed. This last deed was properly recorded.

The plaintiff's claim is as follows: April 8, 1887, Freiberg, Klien & Co. recovered in Galveston County a personal judgment against Baring for $7306.51. On April 25, 1887, an abstract of this judgment was recorded in Jackson County. On September 2, 1887, an execution was issued on this judgment, and by direction of the plaintiffs therein was on September 15 levied on the two houses and lots above mentioned. At a sheriff's sale under this execution, and after public notice had been given of appellant Ilse's claim and of the mistake in his mortgage, appellee Seinsheimer bought the two lots and received the sheriff's deed on November 7, 1887, which was recorded next day. Baring had been in possession of the two lots, by his tenants, ever since his purchase in 1884.

It is evident that just such title as was purchased or conveyed to Baring by his vendor he mortgaged to Ilse before the judgment in favor of Freiberg, Klein & Co. was rendered.

By reason of an entire misdescription the deed to Baring failed to convey to him any title to lot No. 2. Such title as he acquired to that lot by his purchase could not be shown by the registration of the deed made to him.

The purchaser under the execution asserts that a purchase by Baring of lot No. 2, and a deed made to him by mistake for lot No. 3, invested him with such a title to lot No. 2 as to make it subject to be reached by a judgment lien and execution. If the deed to him, with the intention and the mistake, conveyed such title, we are unable to see why the mortgage by him under the same description, with the same purpose and by the same mistake, failed to bind the property.

In any event, the title conveyed to Baring to lot No. 2, and that encumbered by his mortgage to Ilse upon the same lot, was not capable of registration, and therefore notice of the mortgagee's equitable rights given at any time before the sale was sufficient to preserve them. Parker v. Coop, 60 Texas, 111. The record shows that such notice was given before the execution sale.

The judgment of the District Court will be reversed and judgment here rendered that appellee take nothing by his suit, and that appellant have judgment for costs incurred in this court and in the District Court.

*Reversed and rendered.*

Delivered March 11, 1890.