## Leopold M. Michael v. Mary E. Knapp.

### No. 234.

**Foreclosure of Judgment Lien.**—On April 3, 1883, Frank and Mary E. Knapp, desiring to borrow money, executed and delivered to J. A. Reddick a general warranty deed to certain lots in San Antonio, their homestead; consideration expressed $2500 cash, and note for $2000, with interest and attorney fees, secured by a vendor's lien on the lots. Deed was filed for record April 4, 1883; note was signed by Reddick and delivered to Frank Knapp, but no part of the $2500 was or intended to be paid by the parties. Frank and Mary E. Knapp endorsed the note to J. A. Martin, and on April 3, 1883, Reddick executed and delivered to H. P. Drought, trustee for Martin, a deed of trust to secure the note. In December, 1883, Frank Knapp died, and Mary E. Knapp paid off the note, and on November 3. 1884, Drought executed a release to Reddick, which release was filed for record November 7, 1884. On November 3, 1884, Reddick by special warranty deed reconveyed unconditionally said lots to Mary E. Knapp; said deed was not filed for record until September 16, 1891; plaintiff had no notice of the execution and delivery of the deed at the time of filing his abstract of judgment, except the possession of Mary E. Knapp. On November 14, 1890, L. M. Michael obtained judgment against J. A. Reddick, and on June 29. 1891, properly filed an abstract of his judgment in Bexar County. and brought this suit to foreclose his judgment lien on said lots. No consideration passed from Michael to Mrs. Knapp. *Held:*

1. The deed, if not absolutely void as between the parties, at most only conconveyed the legal title to Reddick; the equitable title remained in the grantors: the grantee was a trustee, holding the legal title in trust for the grantors, who were the real owners.

2. The fact that appellant had no notice of the reconveyance to appellee when he acquired his judgment lien, does not give a lien superior to appellee's claim; the " defendant's interest" never was more, if that, than a mere legal title; he never did own the equitable title. or any interest in the land; appellant has lost nothing, nor gained anything; his position has been in no way changed.

3. Appellant acquired no right by virtue of our registration laws. They do not apply to cases of this character. "A judgment lien on the land of a debtor is subject to every equity against the lands in the hands of the judgment debtor at the time of the rendition of the judgment, and courts will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate." Blankenship v. Douglas, 26 Texas, 225.

Appeal from Bexar.   Tried below before Hon. W. W. King.

*C. K. Broneman* and *Upson & Bergstrom,* for appellant.—A creditor who has obtained a judgment against his debtor, and duly filed and recorded an abstract of his judgment, is a creditor within the meaning of the statute, and secures a lien prior to all unrecorded deeds of the debtor, when such abstracts have been filed and recorded without notice of such unrecorded deed.   Rev. Stats., art. 4342; Russell v. Nall, 20 S. W. Rep., 1006.

When possession is not notice:   Love v. Breedlove, 75 Texas, 649.

*Tarleton & Altgelt*, for appellee.—1. Appellant's judgment lien was in subordination of the trust in favor of appellee, to which the property was subject, though he had no actual notice of the trust.

2. One who buys at execution sale of his debtor's property, and pays no money, but credits the amount on a pre-existing debt, is not a bona fide purchaser for value.  McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Overstreet v. Manning, 67 Texas, 657; Bonner v. Grigsby, 84 Texas, 330.

NEILL, Associate Justice.—This case is submitted to us upon the following agreement of the parties, viz.:

"It is agreed between the plaintiff (appellant) and defendant (appellee), that the following facts were established on the trial of this cause in the District Court of the Forty-fifth Judicial District, and the same is admitted as an agreed case for determination by the Court of Civil Appeals:

"1. The property in controversy in this suit, to-wit, all that certain tract or parcel of land lying and being in the county of Bexar and State of Texas, and within the corporate limits of the city of San Antonio, on the west side of the San Antonio, immediately east of the San Pedro Springs, known as lots numbers 4 and 5, in block number 1, in Adams & Wickes' addition to upper San Antonio, according to a plat made by C. P. Smith, city engineer, recorded on page 8, city atlas of subdivisions; said lots bounded on the north by lot number 6, same block; on the east by lots numbers 8 and 9, same block; on the south by lot number 3, same block; and on the west by San Pedro Avenue; was deeded to said Mary E. Knapp on the 19th day of September, 1882, by Adams & Wickes; that on said date Frank Knapp, the husband of said Mary E. Knapp, was then living, and, together with his wife and children, used and occupied said property as his homestead continuously until his death in December, 1883; and that thereafter the said defendant has so continued to actually reside on and occupy said premises as the homestead of herself and children to the present time.

"2. That on the 3rd day of April, 1883, the said Frank and Mary E. Knapp, desiring to borrow money for the purpose of procuring funds with which the said Frank Knapp purchased an interest in a business property known as the San Pedro Springs lease, made and executed a deed to one J. A. Reddick, which deed was on its face one of general warranty, upon the consideration of $2500 in cash and $2000 evidenced by a promissory note for $2000, with the usual conditions for conventional interest and attorney fee, secured by a vendor's lien on said described property, and duly filed for record in Bexar County April 4, 1883; that said note was signed by said Reddick and delivered to said Frank Knapp, but no part of the $2500 cash was ever paid by said Reddick, or was by any party to said deed intended to be paid.

"3. That the said Frank and Mary E. Knapp endorsed said note to James Martin, and on the 3rd day of April, 1883, the said J. A. Reddick executed and delivered to H. P. Drought, trustee for said James Martin, a deed of trust to secure the payment of said note for $2000.

"4. That on December —, 1883, Frank Knapp died, and his interest in the San Pedro Springs lease was thereafter sold, and the proceeds of such sale was by defendant Mary E. Knapp used to pay off and discharge the note of J. A. Reddick, held by said James Martin.

"5. That on the 3rd day of November, 1884, after the payment of the note of Reddick, held by said Martin, H. P. Drought executed a release to said J. A. Reddick, which release was filed for record on the 7th day of November, 1884.

"6. That on the said 3rd day of November, 1884, the said J. A. Reddick, by special warranty deed, reconveyed unconditionally the said described property to the said Mary E. Knapp by deed duly acknowledged; that said deed was not filed for record until the 16th day of September, 1891, of the execution and delivery of which deed plaintiff had no notice at the time of filing his abstract of judgment, except in so far as defendant's possession was notice to plaintiff.

"7. That on the 14th day of November, 1890, plaintiff, L. M. Michael, obtained a judgment against J. A. Reddick et al. for the amount of $867.11, and $15.60 costs of suit, with interest from date of judgment at 12 per cent per annum; and thereafter, on the 29th day of June, 1891, duly and according to the statute, plaintiff filed, recorded, and indexed an abstract of said judgment in the county clerk's office of said Bexar County, and on the same day execution was issued on said judgment, which was returned nulla bona.

"8. Plaintiff, L. M. Michael, brought this suit to subject the above described property to his judgment against said J. A. Reddick, and to foreclose a judgment lien.

"9. No consideration ever passed from the said Michael to said Mary E. Knapp.

"10. The sole question for the determination of the court is, whether or not the said property described above is subject to the judgment lien of plaintiff, L. M. Michael, for his judgment against said J. A. Reddick.

"11. The court below found the property described above was not subject to said judgment lien, and rendered judgment for defendant, Mary E. Knapp.

"12. If the court below was correct, this cause should be affirmed; if in error, this cause should be reversed and rendered, decreeing a foreclosure of a judgment lien on said property and order of sale to satisfy plaintiff's judgment against said Reddick."

*Opinion.*—The deed from Frank and Mary E. Knapp to J. A. Reddick, if not absolutely void as between the parties, at most conveyed only the legal title to the property. The equitable title remained in the grantors, and the property continued to be their homestead. The grantee, if the deed had any effect at all as between the parties, was a trustee, holding the legal title in trust for the grantors, who were the real owners. The reconveyance of the property by Reddick simply divested him of the legal title and reinvested it in appellee. Her real interest was not affected by it. She owned the same interest in the property after it was reconveyed that she did before. The appellant, if he had acquired the note which was made by Reddick to his grantors, for value, without notice of the purpose for which the deed was made or note executed, could have enforced a vendor's lien on the land; if he had purchased the land from Reddick for value, without notice, he would have acquired the title; or if the land had been sold under execution against Reddick as his property, a purchaser for value at such sale would have acquired title to it. And in none of these cases would the possession of Knapp and wife, or of the wife after his death, have been notice of their interest in or title to the property, for their possession would have been presumed to be in subordination to their deed to Reddick. Eylar v. Eylar, 60 Texas, 315; Love v. Breedlove, 75 Texas, 649; Hart v. Cooper, 63 Texas, 362; Heidenheimer v. Stewart, 65 Texas, 321.

But appellant does not claim the property in any of these ways, but claims that he has a lien on it, and that he is entitled to have it enforced by reason of his having an abstract of a judgment in his favor against Reddick, filed and indexed in accordance with the statute, and that at the time such abstract was filed he had no notice of the reconveyance to appellee, or of the purpose of the original deed to Reddick.

The statute providing for judgment liens only gives the party complying with it a lien on all the real estate of the defendant, * * * and all real estate which he may acquire thereafter, situated in the county where the abstract is filed and recorded. In this case the "defendant's interest" never was more, if that, than a mere legal title. He never did have the equitable title or own any interest in the land. It was the property of Knapp and wife when they made him the deed, and it remained their property. Michael has lost nothing nor gained anything. His position has in no way been changed. If he had purchased the property from Reddick with the knowledge of the facts in the record which he admits, he would have acquired no title as against the appellee; nor would he if the property had been sold under an execution issued on his judgment against Reddick, and he had purchased it with the knowledge of such facts. He knew these facts when he brought this suit, and we can not see how he expects to accomplish through it what he could not attain with such knowledge at execution sale. Nor did he acquire any right by vir-

tue of our registration statutes. They do not apply to a case of this character. In Blankenship v. Douglas, 26 Texas, 225, it is said, that " a judgment lien on the land of a debtor is subject to every equity against the lands in the hands of the judgment debtor at the time of the rendition of the judgment, and that courts of equity will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate; and that this kind of equity is beyond the contemplation of registration respecting creditors." The same principle has been frequently reiterated by our Supreme Court. Ilse v. Seinsheimer, 76 Texas, 459; Allday v. Whitaker, 66 Texas, 673; Parker v. Coop, 60 Texas, 111; McKamey v. Thorp, 61 Texas, 648.

There was no error in the judgment of the court below, and it is affirmed.

*Affirmed.*