HOOKER v. EAKIN et al. (No. 1429.)

(Court of Civil Appeals of Texas. Texarkana. April 15, 1915. Rehearing Denied April 29, 1915.)

EXECUTION ⬅️272 — PROPERTY SUBJECT TO EXECUTION—RIGHTS OF PURCHASERS—NOTICE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5616, providing that the recording and indexing of a judgment creates a lien on the real estate then owned by the debtor, and on real estate subsequently acquired by him, a purchaser at an execution sale with notice that the execution debtor did not own, but that a person owned, the land, is not entitled to protection as against the third person's claim, because he was without notice at the time of the recording and indexing of the judgment, notwithstanding

article 6824, declaring that conveyances shall be void as to creditors and subsequent purchasers without notice unless acknowledged, proved, and filed to be recorded as required by law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 771, 781–788; Dec. Dig. ☞272.]

Appeal from District Court, Shelby County; W. C. Burford, Judge.

Action by Edgar W. Hooker against Edgar Eakin and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. M. Sanders, of Center, for appellant. D. M. Short & Sons, of Center, for appellees.

WILLSON, C. J. This was a suit of trespass to try title brought by appellant against appellees, Edgar Eakin, Clem Eakin, H. M. Allen, and R. C. Poor, in which judgment was rendered for appellees Allen and Poor. The Eakins made no answer to the suit. The appeal is by appellant, Hooker, alone. The land in controversy was the 65 acres of the Holmes Byfield survey in Shelby county conveyed by Mrs. N. C. Milner, joined by her husband, to J. J. Lewis, who was the source from whom the litigants respectively claimed title.

Having secured a judgment for $646.60, interest and costs, against said J. J. Lewis, appellant on October 5, 1909, caused an abstract thereof to be duly recorded and indexed in the office of the county clerk of Shelby county. At that date there was nothing of record showing the title to the land to be in said Lewis, and appellees Allen and Poor claimed that, as a matter of fact, the title was not in him, but, instead, was in appellee Allen. In support of their contention said appellees proved that the Milners in 1903, in consideration of $600 paid to them by said Lewis, conveyed the land to him; that said Lewis in December of the same year conveyed it to his brother W. J. Lewis, in consideration of certain promissory notes secured by a lien on the land then made by said W. J. Lewis; that said J. J. Lewis afterwards transferred the notes to one Cicero Smith as collateral security for a debt he owed Smith; that W. J. Lewis died before he had paid anything on the notes; and that after his death, in 1908, said J. J. Lewis, with the consent of the widow of said W. J. Lewis, conveyed the land to appellee Allen in consideration of his undertaking to pay, and paying, the notes made by W. J. Lewis, held by Smith as stated. Appellees proved that the deeds evidencing the conveyances from the Milners to J. J. Lewis and from the latter, first to W. J. Lewis, and then to appellee Allen, and a deed made by the Milners to said J. J. Lewis in 1908 or 1909 to cure a defect in the one they had made to him in 1903, were destroyed by fire in September, 1909. Appellant contends that the testimony relied upon to show that the Milners convey-

ed to said J. J. Lewis in 1903 and in 1908 or 1909, as claimed by said appellees, was not sufficient to support the finding by the trial court that the title to the land passed to said J. J. Lewis before he conveyed to appellee Allen. We think it was, and overrule the contention.

March 15, 1910, a deed dated December 1, 1909, made by the Milners, conveying the land to said J. J. Lewis, was placed of record in Shelby county. The consideration recited in this deed was $650 then paid by J. J. Lewis to the Milners. Appellees Allen and Poor proved that, as a matter of fact, nothing was then paid to the Milners, and that the deed was executed for the consideration paid to them by J. J. Lewis in 1903 as a substitute for the deed they then made to him, and for the deed they made to him in 1908 or 1909, destroyed by fire as stated above. Said appellees Allen and Poor further proved that said J. J. Lewis by a deed dated March 19, 1910, duly recorded May 18, 1910, conveyed the land to appellee Allen, and that this deed was executed as a substitute for the one said Lewis had previously made to Allen, and which had been destroyed by fire as stated; and they further proved that the widow of W. J. Lewis, deceased, by a deed dated August 8, 1912, recorded August 27, 1912, conveyed the land to said Allen.

July 8, 1911, the land was levied upon as the property of J. J. Lewis by virtue of an alias execution issued on the judgment appellant had obtained against said J. J. Lewis. At the sale thereof subsequently made by the sheriff by virtue of said execution and levy appellant was the purchaser for the sum of $100. The deed made by the sheriff to appellant as such purchaser was dated August 1, 1911.

It was not shown that appellant had notice of the fact that appellee Allen owned the land at the time he had his judgment against J. J. Lewis recorded and indexed as stated; but there was testimony sufficient to support a finding that he did have notice of the fact that J. J. Lewis was not, and that appellee Allen was, the owner of the land at the time the execution was levied and at the time the land was sold by the sheriff. Therefore the question presented by the record is: Was appellant, as the purchaser of the land at his execution sale, with notice of the fact that the execution debtor did not, and that appellee Allen did, own it, nevertheless entitled to protection as against the claim of appellees Allen and Poor because he was without notice of their claim of title at the time he had the abstract of his judgment recorded and indexed? We think the question should be answered in the negative. By the terms of the statute the recording and indexing of the abstract operated to create a lien only upon real estate then owned by J. J. Lewis

in Shelby county and real estate in that county thereafterwards acquired by him. Article 5616, Vernon's Statutes. At the time the abstract was recorded and indexed said J. J. Lewis did not own the land, and he never thereafterwards became the owner of it. Appellant insists, however, that he nevertheless was entitled to protection by virtue of the statute as follows:

"All bargains, sales and other conveyances whatever, of any land, * * * shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding." Article 6824, Vernon's Statutes.

In support of his contention appellant cites Grace v. Wade, 45 Tex. 522, and other cases holding that a judgment creditor who, without notice, has acquired a lien on the judgment debtor's land, is entitled by force of the statute quoted above to protection against the claim of a third person based on an unrecorded deed previously made to him by the judgment debtor. An examination of the line of cases referred to will show, we think, that in none of them was it held that the effect of recording and indexing a judgment was to create a lien on land not then, in fact, nor apparently, that is, according to the face of the record, owned by the judgment debtor, nor ever afterward, in fact, owned by him. To hold otherwise, it seems to us, would be to ignore the statute which, as stated above, declares that such recording and indexing shall operate as a lien only upon real estate owned at the time or afterwards by the judgment debtor. Appellant never acquired a lien on the land until the execution issued on his judgment was levied thereon. If it appeared that at that time he was without notice of the claim of appellees Allen and Poor, he would by force of the statute he invokes be entitled to protection as against their claim. But, as before stated, the contrary appeared. We think there is no error in the judgment, and therefore it will be affirmed.