HIRT v. WERNEBURG et al.    (No. 8493.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1917. Rehearing Denied Feb. 10, 1917.)

1. FRAUDULENT CONVEYANCES ⟨⇒⟩92—EXISTENCE OF OBLIGATION—CHARACTER OF OBLIGATION.

Where defendant had, with two others, received a share of an estate, but the others had permitted him, without evidence of his liability to them, to retain the money due them and use it for a period of over 30 years, while in conscience he was bound to repay, there was no legal or equitable and enforceable liability, so that his conveyance of land to them one day prior to abstract of judgment against him was fraudulent as to his judgment creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 200, 201; Dec. Dig. ⟨⇒⟩92.]

2. JUDGMENT ⟨⇒⟩788(2)—LIEN OF JUDGMENT—PRIORITY.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5616, provides that when any judgment has been recorded and indexed, it shall thereafter operate as a lien upon all of the real estate of the defendant situated in the county where such record and index were made, and upon all real estate which the defendant may thereafter acquire situated in said county. Article 6824 provides that all sales and conveyances of land, shall be void as to all creditors and subsequent bona fide purchasers without notice, unless they shall be acknowledged and filed with the clerk, to be recorded as required by law. Held, that a creditor, who had fixed a lien upon the land of a judgment debtor without notice of an unrecorded conveyance of the land, has a superior right to

that of the person claiming under such conveyance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1369; Dec. Dig. ⊚�ube788(2).]

Appeal from District Court, Callahan County; Thomas L. Blanton, Judge.

Suit by Salome Hirt against George Werneburg and others. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered.

W. R. Ely, of Baird, for appellant. F. S. Bell, of Baird, and Slay & Simon and Theodore Mack, all of Ft. Worth, for appellees.

CONNER, C. J. The appellant, Salome Hirt, instituted this suit against G. Werneburg and William Werneburg to foreclose a judgment lien against certain land in Callahan county, and to set aside a conveyance of said land from G. Werneburg to William Werneburg as being fraudulent and void as to appellant, who was a judgment creditor of the defendant G. Werneburg, and who had fixed her judgment lien by the record of an abstract of the judgment without notice of any outstanding unrecorded conveyances or legal or equitable title to said land, it being alleged that said conveyance from G. Werneburg to William Werneburg had been filed for record subsequent to the record of plaintiff's abstract of judgment. The defendant G. Werneburg did not answer, but defendant William Werneburg and Gertrude Gulledge, who intervened in the suit, answered by setting up equitable title in and to the land in controversy by reason of a heritage from the mother and grandmother, respectively, of the latter named parties. The trial was before the court without a jury, and resulted in a judgment against appellant and in favor of appellees William Werneburg and Gertrude Gulledge, for an equitable lien as against said land for $234 each, and the plaintiff below has appealed.

The judgment rests upon the trial court's findings of fact, to which no objection has been urged in this court, and which read as follows:

"Findings of Fact.

"(1) That G. Werneburg has been married twice; that his first wife died in Germany in 1879, and left surviving her two children, to wit, William Werneburg and Marie Werneburg, who thereafter married one Gulledge, and from the estate of his first wife and belonging to his said two children, William Werneburg and Marie Werneburg, there came into the hands of the said G. Werneburg the sum of $469 in cash, which for years he had been permitted by said children to use, but it being understood and recognized by all parties that he owed them such debt.

"(2) That on the 6th day of January, 1915, the said G. Werneburg and his second wife conveyed by general warranty deed, to William Werneburg, the land in Callahan county, Tex., now in controversy in this suit, which deed was duly acknowledged on said 6th day of January, 1915, and duly filed for record in Callahan county, Tex., on the 9th day of January, 1915, at 8 o'clock a. m.

"(3) That on the 7th day of January, 1915, the plaintiff recovered a judgment in the district court of Eastland county, Tex., against the said G. Werneburg for the sum of $1,300, and immediately abstracted said judgment in Callahan county.

"(4) That the plaintiff sold certain property in Cisco, Eastland county, Tex., which had been given as security for the note which was merged in the judgment aforesaid, and purchased the same at such sale for $200.

"(5) That the said Marie Gulledge died, left surviving as her only heir at law, her daughter, Gertrude Gulledge, who is the grandchild of the said G. Werneburg, and for whose benefit the said G. Werneburg attempted to make settlement as to her mother's interest in the $469 mentioned aforesaid.

"(6) That in deeding the property to William Werneburg on January 6, 1915, it was the intention of the said G. Werneburg to thereby settle the debt that he owed to his said son, William Werneburg, and to his granddaughter Gertrude Gulledge, and to protect their interests, if possible, from litigation which might be existing against him on the part of his creditors.

"(7) That said deed is valid in so far as conveying an interest in said land, to the extent of said debt of $469 and only to such extent."

Upon the request of appellant the court filed the following additional findings of fact, viz.:

"(1) That the plaintiff's abstract of judgment mentioned in the third paragraph of the court's findings of fact was filed for record in the office of the county clerk of Callahan county, Tex., on January 7, 1915, at 5:30 o'clock p. m., and duly recorded and indexed on the 7th day of January A. D. 1915, at 5:30 o'clock p. m.

"(2) That at the time of the filing of said abstract of judgment plaintiff had no notice of any equitable or legal title to the land in controversy in defendants Wm. Werneburg and Gertrude Gulledge.

"(3) That at the time of the purchase of the property in controversy in the year 1907 by defendant G. Werneburg there was no agreement between him and the defendants Wm. Werneburg and Gertrude Gulledge that the land in controversy was purchased and to be held in trust for said defendants by the said G. Werneburg."

The court concluded as a matter of law as follows:

"I conclude as a matter of law that the said William Werneburg is entitled to an equitable lien upon the land in Callahan county, Tex., to the extent of $234.50, and that the said Gertrude Gulledge is entitled to a like equitable lien upon the said land to the extent of $234.50 said liens being equal in all respects, but each subject, however, to a lien held by the Herman P. Faris Mortgage Company, and that subject to such liens the plaintiff, Salome Hirt, is entitled to foreclose her judgment lien as shown by the abstract of judgment filed in Callahan county, Tex., against said land; and judgment is rendered accordingly."

The vital question presented is whether, under the facts found, plaintiff's judgment lien was superior to any and all right acquired by William Werneburg and Gertrude Gulledge by virtue of the deed executed to William Werneburg by G. Werneburg on the day before appellant's lien was abstracted in Callahan county.

The substance of the contention in behalf of appellees is that the abstract of the appellant's judgment could only attach to whatever interest G. Werneburg might have had

in the land at the time the judgment was abstracted, and that the title having passed from him into appellees before that time, she showed no superior right; the argument being that appellant was merely a judgment lien creditor, and not in the same attitude as an innocent purchaser for value without notice, and that therefore the judgment lien was subject to every equity existing at the time of the abstract of the judgment without reference to registration, and the following authorities are cited in support of this contention: Ilse v. Seinsheimer, 76 Tex. 459, 13 S. W. 329; Allday v. Whitaker, 66 Tex. 673, 1 S. W. 794; Michael v. Knapp, 4 Tex. Civ. App. 464, 23 S. W. 280; First State Bank v. Jones, 183 S. W. 874; Reyes v. Kingman Imp. Co., 188 S. W. 450.

In behalf of appellees much stress is laid upon expressions to be found in the opinions of one or more of the cases cited, to the effect that the statute providing for judgment liens only gives the party complying with it a lien on all of the real estate of the defendant and all real estate which he may acquire thereafter. But expressions of the character noted must be read in the light of the facts of the cases in which they were used, and we think by examination it will be seen that the cases cited are cases in which, at the time the judgment or other lien was fixed, some resulting trust or equitable title existed in the claimants that was not subject to our registration statutes. To illustrate: Let us refer to the case of the First State Bank v. Jones, 183 S. W. 874 above cited. That was a case, briefly stated, in which W. S. Roberts had granted a lien by trust deed to the First State Bank of Amarillo to secure the payment of certain indebtedness. The trust deed was duly recorded. Later, upon payment of part of the debt by Roberts, the bank executed a release of the trust deed lien, which also was duly recorded. In this condition of the circumstances, Jones abstracted a judgment in his favor against Roberts in the county in which was located land covered by the release. It was found, however, that in executing the release of the trust deed lien the bank, by mistake, had included the land in controversy and in the suit between Jones, claiming a judgment lien, and, the bank resisting it, our Supreme Court held that the judgment lien was not superior in right to that of the bank, and in disposing of it used the following language:

"The judgment lien of Jones would only fasten upon the interest in the land which was actually owned by Roberts. It would not attach to a greater interest therein than Roberts owned in the land, even though the deed records erroneously disclosed in his favor a greater interest in the land than belonged to him. A judgment lienholder is not in the same attitude as an innocent purchaser for value without notice," etc.

It was further stated, however:

"If the recital of full payment of the note held by the bank against Roberts was occasioned by mutual mistake, its correction was an equitable right to which the bank was entitled. This equitable right was not controlled by our registration laws, but was superior thereto."

It will be thus seen that the court was, in using the language first quoted, in the process of determining an equitable right in the defendant that was not subject to registration, and this is clearly shown, not only by what was said, but also by the cases cited by the court in support of the opinion on this question. The bank in equity, in fact, had acquired and retained a lien, of which due notice had been given by registration of the trust deed, that was alive with vital force at the very time Jones abstracted his judgment, and the bank had a clear right in equity to have the mistaken recitals in its release of the mortgage or trust deed lien corrected, and this equitable right to so correct the release is, as the court states, not within the requirements of our registration statutes. Each of the other cases cited in appellees' behalf are substantially of like character.

But can it be said, under the court's findings of fact, that prior to, or at the time of, the execution of the conveyance from G. Werneburg to William Werneburg, any right or equity of which a court can take cognizance existed in either William Werneburg or Gertrude Gulledge?

[1] In the forum of conscience G. Werneburg was justly indebted to the appellees for the funds found by the court to have been used by G. Werneburg out of the estate of his first wife. As found by the court, she died in 1879, and there is no basis in the court's findings, nor in the evidence, if we could look to it, for the conclusion that the funds so used can be traced throughout the ramifications of G. Werneburg's business into the land that he conveyed to the appellees. It was expressly found that at and before the purchase of the land involved in this controversy there was no agreement sufficient to create a trust estate in either William Werneburg or Gertrude Gulledge, and there is neither finding nor evidence that they, or either of them, actually furnished any of the money that went into the purchase by G. Werneburg; nor, as we have seen, can any money belonging to them be so traced as to say that it went into such purchase. No trust relation whatever, therefore, either express or implied, existed between G. Werneburg and appellees. He to them was but a simple debtor; they to him but creditors. No obligation, save in conscience, either legal or equitable, rested upon G. Werneburg to pay such debt. The legal effect of the thing done, therefore, by G. Werneburg in conveying the land to appellee William Werneburg amounts to no more than a simple effort to pay a debt and to prefer one creditor over another, and the deed accepted by William Werneburg was clearly within our registration statutes. The real question, therefore, is whether, under the circumstances stated, appellant's judgment lien was superior to the right acquired by

appellees under the deed from G. Werneburg. We are of the opinion that this question must be determined in appellant's favor.

As early as the case of Blankenship v. Douglas, 26 Tex. 225, 226, 82 Am. Dec. 608, it was said by our Supreme Court to be well settled that by the common-law rule a judgment lien on the land of a debtor is subject to every equity which existed against the land in the hands of a judgment creditor at the time of the rendition of the judgment, and that courts of equity will protect such equities against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate. This doctrine of the common law was reiterated and approved in the case of Grace v. Wade, in 45 Tex. at page 522, in which a lien by the levy of an execution was under consideration. The rule so stated is substantially the rule upon which appellees rely for an affirmance of the judgment in this case. But in both of the cases last referred to it was distinctly held that the common-law rule was qualified by our registration laws. Our statute provides (see 4 Vernon's Sayles' Texas Civil Statutes, article 5616) that:

"When any judgment has been recorded and indexed, as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county."

[2] In the case before us, it is undisputed that the prerequisites to a valid registration of appellant's abstract had been taken; no question being made as to the form of the abstract. Article 6824 of the same statute, so far as necessary to set forth reads:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years * * * shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding."

Under the operation of these statutes it is well established that a creditor, such as appellant in this case undoubtedly was, who has fixed a lien upon the land of the judgment debtor without notice of an unrecorded conveyance of the land upon which the lien has been so fixed, has a superior right to that of the person claiming under the prior unrecorded conveyance. See Cetti v. Wilson, 168 S. W. 996, and cases cited therein, and cases cited in note to Vernon's Sayles' Texas Civil Statutes, art. 5616, above quoted.

We conclude that upon the court's findings of fact, which we adopt, the judgment must be reversed and here rendered for appellant.

Reversed and rendered.