LEWIS v. SAN ANTONIO BELT & TERMINAL RY. CO. (No. 6148.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919.)

1. DEEDS ☞82—TITLE—RECORDATION.

When a deed is executed and delivered, the title to the land vests in the grantee, whether the deed is recorded or not.

2. JUDGMENT ☞788(1)—LIEN — PRIORITY — UNRECORDED DEED.

Under Rev. St. 1911, art. 5616, despite article 1104, purchaser of land sold on alias execution under judgment recovered by vendors against vendee and assigned, abstract of judgment being legally issued and filed for record, *held* to take subject to title previously conveyed away by vendee by deed not filed for record, until more than three weeks after abstract of judgment was filed, recorded, and indexed, as record of abstract of judgment creates lien only on property actually owned by judgment debtor.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action of trespass to try title by P. J. Lewis against the San Antonio Belt & Terminal Railway Company. From judgment for defendant, plaintiff appeals. Affirmed.

Frank H. Booth and James D. Crenshaw, both of San Antonio, for appellant.

C. C. Huff, of Dallas, F. C. Davis, of San Antonio, and A. H. McKnight, of Dallas, for appellee.

FLY, C. J. This is an action of trespass to try title to certain lots of land in the city of San Antonio, Tex., bounded on the north by the right of way of the Galveston, Harrisburg & San Antonio Railway Company, on the south by Simpson street, on the east by Roosevelt avenue, and on the west by the San Antonio river. The cause was tried by the court without a jury, and judgment was rendered in favor of appellee.

The agreed statement of facts is as follows:

"On the 9th day of June, 1915, Joseph Keller and Matilda Keller recovered a valid and final judgment against H. E. Hildebrand in the case of Joseph Keller et al. v. L. A. Dolan et al., No. B–9477, Forty-Fifth district court, Bexar county, Tex., for the sum of $9,738.52 and costs of court, which said suit was upon a promissory note for the sum of $7,500, with in-

terest, the note being secured by a vendor's lien on certain parcels of land in New City block No. 2584 and 2860, San Antonio, Tex., for which land it was given in part payment, and the judgment foreclosed the lien on said land.

"An execution and order of sale was duly and legally issued on said judgment on the 16th day of July, 1915, and returned on the 5th day of October, 1915, by the sheriff of Bexar county, Tex., at the request of plaintiffs' attorneys.

"An abstract of said judgment, in cause B–9477, Joseph Keller et al. v. L. A. Dolan et al., was duly and legally issued by the clerk of the district court of Bexar county, Tex., on July 20, 1915, showing an amount of $9,738.52 due thereon, and the sum of $17 costs of suit against H. E. Hildebrand. That said abstract of judgment was duly and legally issued in compliance with the requirements of law. That said abstract of judgment was duly and legally filed for record with the county clerk of Bexar county, Tex., on July 21, 1915, at 11 o'clock a. m., and was duly and legally recorded on the 21st day of July, 1915, at 11:45 a. m., in volume 12, p. 215, of the Judgment Records of Bexar county, Tex. That said abstract of judgment was duly and legally indexed, showing the name of each plaintiff and of each defendant in said judgment, and also the number of the book and page upon which the same was recorded. That said abstract of judgment was duly and legally indexed and recorded in all things in compliance with the requirements of law.

"An execution and order of sale was issued on said judgment March 3, 1916, and the sheriff's return thereon, dated April 4, 1916, shows a sale of the property on which the lien was foreclosed by the judgment, to Mary Fest, and recites a credit on the judgment of $3,696.25.

"On the 2d day of October, 1916, Joseph Keller and Matilda Keller, made, executed, and delivered their certain written instrument, whereby, for a valuable consideration to them paid by Mary Fest, they transferred and assigned to Mary Fest said judgment and judgment lien in cause No. B–9477, Joseph Keller et al. v. L. A. Dolan et al., Forty-Fifth district court, Bexar county, Tex., said judgment against H. E. Hildebrand, which said transfer and assignment was duly filed for record with the county clerk of Bexar county, Tex., May 31, 1917, and duly recorded on June 15, 1917, in volume 14, p. 224, of the Record of Judgments of Bexar County, Tex.

"On the 14th day of October, 1916, Mary Fest made, executed, and delivered her certain written instrument whereby she transferred and assigned to Perry J. Lewis said judgment and judgment lien in cause B–9477, Joseph and Matilda Keller v. L. A. Dolan et al., in the Forty-Fifth district court of Bexar county, Tex., for a consideration of the sum of $2,500, cash paid, which said transfer and assignment was duly filed for record with the county clerk of Bexar county, Tex., on May 31, 1917, and duly recorded on June 5, 1917, in volume 14, p. 225, of the Record of Judgments of Bexar County, Tex.

"An alias execution was duly and legally issued on said judgment on the 9th day of July, 1917, by the clerk of the district court of Bexar county, Tex.; that the same was placed in

the hands of the sheriff of Bexar county, Tex., on the 9th day of July, 1917, and was duly and legally executed on the 12th day of July, 1917, by levying the same on all the right, title, interest, and estate that H. E. Hildebrand had in and to the property in controversy in this suit, on the 21st day of July, 1915; that thereafter, after due and legal advertisement and notice, said property was by said sheriff duly and legally sold on the 7th day of August, 1917, to P. J. Lewis, he being the highest and the best bidder therefor, for the sum of $500, and said sheriff returned said execution to the clerk of the district court of Bexar county, Tex., showing how he had executed the same, and that said levy and sale were duly and legally made, in compliance with law.

"In pursuance of said sale said sheriff of Bexar county, Tex., made, executed, and delivered to the said P. J. Lewis his certain deed, dated August 7, 1917, whereby he conveyed to said Lewis all the right, title, interest, and estate that H. E. Hildebrand had in and to the property in controversy in this suit on July 21, 1915. That said deed was duly filed for record with the county clerk of Bexar county, Tex., on the 19th day of September, 1917, and was duly recorded on the 27th day of September, 1917, in volume 520, p. 98, of the Deed Records of Bexar County, Tex.

"On November 13, 1913, L. A. Dolan, for a consideration of $10 in cash, and other valuable considerations, and the assumption by H. E. Hildebrand of the note for $6,000, given by said L. A. Dolan in part payment for the purchase price of the land, made, executed, and delivered to H. E. Hildebrand her certain warranty deed, whereby she conveyed to said H. E. Hildebrand the land in controversy in this suit, which deed was filed for record with the county clerk of Bexar county, Tex., on August 16, 1915, and was duly recorded on August 23, 1915, in volume 467, p. 92, of the Deed Records of Bexar County, Tex.

"On July 7, 1914, H. E. Hildebrand, for a cash consideration of $9,442, made, executed, and delivered to Thomas A. Reynolds his certain warranty deed, whereby he conveyed said land to the said Thomas A. Reynolds, which deed was filed for record with the county clerk of Bexar county, Tex., on August 16, 1915, and was duly recorded on August 23, 1915, in volume 465, p. 494, of the Deed Records of Bexar County, Tex.

"On July 22, 1914, Thomas A. Reynolds, for a cash consideration of $9,442, made, executed, and delivered to the San Antonio Belt & Terminal Railway Company, defendant in this suit, his certain warranty deed, whereby he conveyed said land to defendant, which said deed was filed for record with the county clerk of Bexar county, Tex., on March 2, 1915, and was duly recorded on March 6, 1915, in volume 454, p. 303, of the Deed Records of Bexar County, Tex."

It was agreed that H. E. Hildebrand was the common source.

It will be noted that the deed from Hildebrand to Reynolds, though dated long before the abstract of judgment was registered, was not filed for record until more than three weeks after the abstract of judgment was filed, recorded, and indexed. The deed from Reynolds to appellee was filed for record, however, over three months before the judgment was obtained, and over four months before the abstract was filed. At the time the abstract of judgment was filed and recorded there was no deed conveying the land to H. E. Hildebrand on record, but the deed to him was filed on the same day that his deed to Reynolds was filed. There is but one question in the case, and that is, Does the abstract of title take precedence over the unrecorded deed by Hildebrand to Reynolds?

Title 86, c. 1, Rev. St., provides for the making and recording of abstracts of judgment and the proper indexing of the same, and then article 5616 provides:

"When any judgment has been recorded and indexed, as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county."

It was held by this court in the case of Michael v. Knapp, 4 Tex. Civ. App. 464, 23 S. W. 280, that registration statutes do not apply to those acquiring liens by recording abstracts of judgment to protect them against unrecorded titles, and the rule is quoted from Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608, that:

"A judgment lien on the land of the debtor is subject to every equity against the lands in the hands of the judgment debtor at the time of the rendition of the judgment, and that courts of equity will protect the equitable rights of third persons against the legal lien, and will limit that lien to the actual interest which the judgment debtor has in the estate, and that this kind of equity is beyond the contemplation of the statute of registration respecting creditors."

That decision has never been criticized or questioned in Texas, but has been often cited and approved. Grace v. Wade, 45 Tex. 524; Catlin v. Bennatt, 47 Tex. 165; Jemison v. Halbert, 47 Tex. 180; McKamey v. Thorp, 61 Tex. 648; Parker v. Coop, 60 Tex. 111; Ilse v. Seinsheimer, 76 Tex. 459, 13 S. W. 329; Dixon v. McNeese, 152 S. W. 675; First State Bank v. Jones, 107 Tex. 623, 183 S. W. 875; Reyes v. Kingman Imp. Co., 188 S. W. 450.

When the abstract of the judgment was recorded, as well as when the judgment was obtained, there was on record in Bexar county a deed from Thomas A. Reynolds to appellee, conveying to it the land in controversy. At that time the records showed no connection between Hildebrand and the property. That deed evidenced the fact that the land belonged to appellee, and not to any defendant in the case of Keller v. Dolan. The property at the time did not belong to Hilde-

brand, as the record clearly showed, and the failure to record the deeds from Dolan to Hildebrand and from the latter to appellant could not change the true ownership of the land, and the recorded deed was sufficient to put even a purchaser for value upon notice. As said by the Supreme Court in First State Bank v. Jones, hereinbefore cited:

"The judgment lien of Jones would only fasten upon the interest in the land which was actually owned by Roberts. It would not attach to a greater interest therein than Roberts owned in the land, even though the deed records erroneously disclosed in his favor a greater interest in the land than belonged to him. A judgment lien holder is not in the same attitude as an innocent purchaser for value without notice. The latter has expended his money in good faith to the amount of the purchase price of the land, and is justly entitled to be held harmless. It is right that the loss under such circumstances should be visited upon the landowner whose negligence, in failing to give notice through the deed records of his ownership, occasioned the loss, rather than that it should fall upon the innocent purchaser who was without fault. The judgment lien holder is in a different attitude. He is not in any sense an innocent purchaser. If his lien fails to attach he loses nothing. His judgment still remains unimpaired in its full amount. In such a case, even though the owner of the land has been negligent in failing to provide a correct record notice of his title, still his negligence has not resulted in injury to the judgment creditor. Under such circumstances, there can be no good reason for any other rule than that his lien attaches to no more than the interest actually owned in the land by the judgment debtor. This was the common-law rule, and it has been consistently followed by this court."

[1] This court agrees with proposition first under the first assignment of error that "when a deed is executed and delivered the title to the land vests in the grantee" and while the proposition is advanced to sustain the position that the unrecorded deed of Dolan to Hildebrand vested title in the latter, it goes farther and sustains the proposition that the unrecorded deed of Hildebrand to Reynolds conveyed the title to the latter. It may be conceded that the second proposition advanced by appellant, that, having agreed to a common source, the validity of the title in that source is determined and the land belongs to the party showing the superior title under that common source, is correct; but that rule fails to be of any assistance to appellant in this case, because of a failure to establish a superior right.

[2] Under the decisions in this state, notably the case of Bank v. Jones, so fully quoted from herein, plaintiffs in the case of Keller et al. v. Dolan et al., could not have occupied the position of innocent purchasers. Mrs. Mary Fest, who purchased the judgment from Joseph Keller and Matilda Keller, on October 2, 1916, of course occupied no stronger position than that held by the Kel-

lers, and she by her transfer did not place appellant in a position to claim the protection of an innocent purchaser. All the deeds were on record when Mrs. Fest and appellant bought the judgment, and they had full notice and could not be innocent purchasers unless the Kellers occupied that position. They could not claim any rights or immunities attaching to innocent purchasers.

Article 1104, Rev. St., cited by appellant, provides that a conveyance shall not be "good and effectual against a purchaser in good faith, without notice thereof and for a valuable consideration, nor against any creditor, unless such conveyance be acknowledged by the party who shall have signed or delivered it, or proved, in the manner required by law, and before some officer authorized by law to take such acknowledgment or proof, and be filed for record with the clerk of the county in which the land, or a part thereof, is situated." The Kellers not only were not innocent purchasers as defined in the statute, but were not creditors as contemplated therein. That statute does not apply to nor control the provisions of article 5616, stating the effect of recording an abstract of judgment, nor to articles 6824 and 6828.

In the case of Grace v. Wade, 45 Tex. 524, so confidently relied on by appellant, the rights acquired by the filing, recording, and indexing of an abstract of judgment was not under discussion, but, as concisely stated by Associate Justice George F. Moore:

"The only question in this case is whether a vendee of land, who claims title by an unrecorded deed, or bond for title, or the purchaser, with notice of such deed or bond, at execution sale on a judgment against the vendor, where the creditor has no notice of the title or claim of the vendee at the date of the levy of the execution, has the better title."

The Kellers, under the facts of this case, at no time after they obtained their judgment were without notice that others were claiming title to the land in controversy, but were fully cognizant of the fact that no deed was on record to Hildebrand, and that a deed was on record conveying the property to appellee, and when the first levy was made on the property all the deeds were on record, showing a perfect title to appellee. The facts of the Grace v. Wade Case do not fit the facts of this case. If appellant has any rights in this case, they must be based on the record of the abstract of title, and not on the levy under execution. We are considering the rights acquired under the record of the abstract of judgment, which our courts have time and again held creates a lien only on property actually owned by the judgment debtor. The case of Blankenship v. Douglas, herein cited, lays down that doctrine clearly and forcibly, and the propriety of it has never been questioned, for even in the case of Grace v. Wade it is approved and indorsed.

The only point decided in the last-named case is that the want of notice of a judgment creditor who makes a levy will accrue to the benefit of a purchaser at the sale under the levy even though he has notice of an adverse claim. There is nothing in that decision which militates against the decisions of this and other courts on the liens secured by the record of abstracts of judgments. In the case of Hooker v. Eakin, 176 S. W. 80, the Court of Civil Appeals of the Sixth District, in reference to Grace v. Wade, and other cases following it, held:

"An examination of the line of cases referred to will show, we think, that in none of them was it held that the effect of recording and indexing a judgment was to create a lien on land not then, in fact, nor apparently, that is, according to the face of the record, owned by the judgment debtor, nor ever afterward, in fact, owned by him. To hold otherwise, it seems to us, would be to ignore the statute which, as stated above, declares that such recording and indexing shall operate as a lien only upon real estate owned at the time or afterwards by the judgment debtor."

As in that case, so in this, no lien was acquired by the Kellers by the record and indexing of their abstract of judgment, and at no time were they in the attitude of innocent purchasers or creditors under the statute. It follows that appellant could not be an innocent purchaser. There was no record evidence that Hildebrand owned any interest in the land; there was record notice that appellee owned it, and that notice was undoubtedly sufficient to put any reasonable person upon inquiry. The same inquiry, made to ascertain if Hildebrand had ever obtained a deed to the property, would have revealed the fact that he had conveyed the land to Reynolds which he conveyed to appellee.

The judgment is affirmed.