BRADY et al. v. COBBS et al. (No. 6173.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1919. Rehearing Denied May 14, 1919.)

1. BILLS AND NOTES ⟷341—ACCOMMODATION NOTE—DEFENSE—INNOCENT PURCHASER—DELIVERY TO BANK'S AGENT.

Where an accommodation note was made payable to the agent and attorney in fact of the bank to which it was delivered and which accepted it, *held*, that the bank was not an innocent purchaser for value.

2. BANKS AND BANKING ⟷111—MISREPRESENTATIONS OF OFFICERS AND AGENTS.

A bank must necessarily act through its officers and agents, and, if defendants signed a note by reason of misrepresentations on the part of such officers and agents, their acts must be imputed to and were the acts of the bank, and defendants were, as against the bank, entitled to the defense of fraudulent representations.

3. BANKS AND BANKING ⟷77(2) — BILLS AND NOTES ⟷49—ACCOMMODATION NOTE—TITLE OF BANK'S RECEIVER.

A bank, as an accommodated party, cannot maintain an action against accommodation makers of note, and the receiver of such bank acquired no better title to the paper than the bank itself.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by T. D. Cobbs and Z. D. Bonner, as receivers of the Federal Bank & Trust Company, on behalf of the bank, against Thomas F. Brady and others, to recover on a note, and, the plaintiff Z. D. Bonner having resigned as receiver, T. D. Cobbs, continuing receiver, prosecuted the case, and the defendant Deutsch filed a cross-action against T. D. Cobbs for alleged misrepresentation in pro-

curing the note and Howell, a depositor, intervened. There was an instructed verdict for the plaintiff receiver on the note and against the defendant Deutsch on his cross-action against T. D. Cobbs, and the petition of the intervener Howell was dismissed, and certain of the defendants appeal from the judgment entered. Affirmed in part, and reversed and remanded in part.

Denman, Franklin & McGown, Mason Williams, S. C. Gardner, and T. F. Mangum, all of San Antonio, for appellants.

Chambers & Watson, of San Antonio, for appellees.

SPENCER, Special Judge. T. D. Cobbs and Z. D. Bonner, as receivers of the Federal Bank & Trust Company, instituted this suit on behalf of the bank to recover upon the following instrument:

"$25,000.00. San Antonio, Texas,
"February 25, 1916.

"On or before the first day of October, 1916, for valuable consideration, I, we, or either of us, jointly and severally, promise to pay to the order of T. D. Cobbs, agent and attorney in fact for the Federal Bank & Trust Company, in San Antonio, Bexar county, Texas, with interest thereon at the rate of eight per cent. per annum from date, together with ten per cent. additional on the amount of said note then due for collection fees if suit is brought on this note, or if it is placed in the hands of an attorney for collection, or collected through any probate court or bankruptcy proceedings.

"This sum of money is to be applied, first, to the payment of the depositors of said bank.

"However, as soon as said Cobbs sells enough of the property and assets of said bank, the proceeds received from such sales shall be applied to the payment and extinguishment of this obligation.

"By signing the foregoing is not intended as an admission that I am a director of said bank, or liable as such, but only for the purpose of enabling T. D. Cobbs, the agent and attorney in fact to secure money to pay off the depositors.

"[Signed]

"John T. Duncan,        W. S. Field.
"Thos. F. Brady,        C. H. Meckel.
"A. J. Fitzpatrick,     E. C. Noble.
"J. C. Hale, as Surety. Thos. H. Bonner.
"J. J. Hawes, as Surety. N. P. Dewar.
"A. Deutsch.            Y. P. Mossop.
"L. C. Edwards.         A. Schroeder."

Bonner having resigned, T. D. Cobbs continued as receiver to prosecute the case.

The appellants pleaded want of consideration, fraud in its procurement, and that the note was not to become binding unless signed by one Wm. Sackville, who, in fact, never signed the same.

Anterior to the filing of this suit, appellant Brady commenced injunction proceedings—in which appellant Deutsch interven-

ed—to enjoin the bank, or its agent and attorney in fact, T. D. Cobbs, from selling or negotiating the note. Upon motion of appellee's counsel, the causes were consolidated and tried as one.

Upon the conclusion of the evidence, appellee and appellant Brady moved for an instructed verdict. The court instructed a verdict for appellee on the note and against appellant Deutsch on his cross-action against T. D. Cobbs for alleged misrepresentation in procuring his signature to the note.

Brady, Fitzpatrick, Deutsch, and Edwards have appealed from the judgment entered upon the verdict rendered. Intervener Howell, a depositor in said bank, without having perfected his appeal to this court, has filed a brief asking that the judgment be affirmed or, in the alternative, that it be reversed as to Howell and Brady, and that he be reinstated as an intervener.

[1, 2] Appellees contend that as the note was made payable to T. D. Cobbs, agent and attorney in fact for the bank, and delivered to and accepted by the bank, the bank stands in the same relationship as an innocent holder, for value, and that the appellants cannot urge, as against the bank, that the note is an accommodation paper. In view of the evidence in this case, the position is untenable. The appellants contend that they were induced to sign the note by the fraudulent representations of the officers having active management and control of the bank's affairs, and that they would not have signed it, had they known of the institution's insolvent condition. The corporation necessarily acted through its officers and agents, and if, as contended by appellants, they signed the note by reason of misrepresentations on the part of its officers or agents, the acts of the officers and agents must be imputed to, and were the acts of, the bank. Central Bank & Trust Co. v. Ford, 152 S. W. 701; Second National Bank of St. Paul v. Howe, 40 Minn. 390, 42 N. W. 200, 12 Am. St. Rep. 744.

[3] The appointment of the receivers was subsequent to the signing of the note. However, the relationship of the parties is not altered or in any wise affected by the receivership proceedings. This was, in effect, a transfer by operation of law and not in the usual course of business, and the receivers acquired no better title to the paper than the bank itself had. 8 Corpus Juris, p. 472, par. 688. The case of Chicago Title & Trust Co. v. Brady, 165 Mo. 197, 65 S. W. 303, is in point, being a suit by a receiver to recover on promissory notes executed and delivered to the bank, and which were found by the receivers among the assets of the bank. The defense interposed by the makers of the notes was that the notes were executed and delivered without consideration and for the bank's accommodation. The Supreme Court of Missouri, in dealing with the relationship of the parties at suit, quoted with approval, High on Receivers, as follows:

"The appointment of a receiver does not have the effect of changing * * * the contract relationship between the original parties against whom the receiver is appointed and their debtors. A receiver, therefore, cannot maintain an action upon a note or obligation running to the original party which he himself could not have maintained. * * * Any defense, therefore, which defendant might have made to an action brought by the original party in interest, is equally available, and may be made with like effect, when the action is instituted by his receiver."

See, also, Peterson v. Tillinghast, 192 Fed. 287, 112 C. C. A. 545.

The rule is well settled that the accommodated party cannot maintain an action against an accommodation maker, and if the allegations of the appellants—that there was a want of consideration—be supported by proof, and the jury should find under appropriate instructions from the court that the note in question was accommodation paper, such finding would relieve appellants from liability thereon. Appellants assert that the note was merely accommodation paper, and much evidence was introduced in support of this contention, and the court erred in refusing to submit the same to the jury for determination as to whether or not it was an accommodation note.

In view of the disposition we make of the case, we do not deem it proper to discuss the evidence further than to say that there was evidence introduced tending to support appellants' contention that the note was procured to be signed by fraud, and also that it was the agreement that the note was not to be negotiated or become binding upon appellants unless signed by Wm. Sackville, and in view of which the court erred in giving the peremptory instruction to return a verdict against appellants on the note.

The intervener Howell alleged that he was induced by the acts of Brady, in permitting himself to be held out as director, to become a depositor in said bank, and prayed for judgment against him for the amount of his deposit. Howell's rights were in no wise prejudiced by the court's action in dismissing his plea of intervention, and the judgment of the court as to him remains undisturbed.

Appellant Deutsch by his cross-action against T. D. Cobbs sought to recover against him on account of the alleged misrepresentations of the financial condition of the bank, and also that one Wm. Sackville would sign the note. If the jury should determine either of these issues in Deutsch's favor, he would not be liable on the note, and hence would have no cause of action against T. D. Cobbs. The judgment of the lower court as to the disposition of the cross-action remains undisturbed.

The judgment will be affirmed as to intervener Howell, and also as to appellant Deutsch on his cross-action against T. D. Cobbs; but, for the errors pointed out, will be reversed and remanded as between appellants and appellee T. D. Cobbs, receiver of the Federal Bank & Trust Company.

Affirmed in part, and reversed and remanded in part.