**MOZOCH et al. v. SUGG. (No. 6720.)**

(Court of Civil Appeals of Texas. San Antonio. March 29, 1922. Rehearing Denied April 26, 1922.)

**1. Vendor and purchaser ⬅269—Remedies of vendor on default of vendee in executory contract stated.**

On default of vendee in an executory contract the vendor has choice of rescinding and recovering the superior title or of affirming and suing for the price with foreclosure of his lien.

**2. Election of remedies ⬅14—Vendor by electing one remedy on default of vendee abandons the other.**

A vendee by electing to pursue one of his remedies on default of vendee in an executory contract thereby irrevocably abandons the other remedy.

**3. Election of remedies ⬅14—How long vendor's right of election of remedies on default of vendee continues stated.**

A vendor's right of election of remedies, on default of vendee in an executory contract, continues after he has brought action to the time of announcement for trial, or so long as he has the privilege of amending his pleadings.

**4. Vendor and purchaser ⬅285(1)—Vendee's grantee can recover in trespass to try title against vendor's grantee, notwithstanding vendor's unexecuted judgment for foreclosure of vendor's lien.**

Though vendor, on vendee's default, obtains judgment for foreclosure of vendor's lien, the vendee holds legal title till sale under such judgment; therefore, in the absence of such sale, the vendee's grantee can recover in trespass to try title against the vendor's subsequent grantee; such grantees being in the positions of such vendor and vendee.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Trespass to try title by J. D. Sugg against I. J. Mozoch and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wilcox & Graves, of Georgetown, Winbourn Pearce, of Temple, and A. L. Curtis, of Belton, for appellants.

Spell, Naman & Penland, of Waco, for appellee.

SMITH, J. Stripped of all nonessentials, the case may be stated in this way: The vendor of the land involved brought suit against the vendee for the unpaid purchase price, evidenced by vendor's lien notes, and for foreclosure. He obtained judgment as prayed for, order of sale was duly issued, the land was levied upon, and, although the sale was advertised to occur on a day certain, it was "called off by plaintiff," according to the sheriff's return, and has never yet been made. All this occurred in 1916. In 1918, two years later, the vendor executed a general warranty deed conveying the land to another, and finally, in June, 1920, by mesne conveyances, the original vendor's interest thus passed into Mozoch, appellant herein. Two months later, in August, 1920, the vendee executed a quitclaim deed to the land to Sugg, appellee.

The action now before us was brought by Sugg, claiming under the original vendee, against Mozoch, claiming under the original vendor. The action was brought in the form of trespass to try title to recover the legal title to the land. Mozoch filed a plea of not guilty, specially pleaded the facts of the original transaction and the suit and judgment resulting therefrom, and prayed for title to the land, or, in the alternative, if Sugg recovered, that such recovery be made subject to the original lien and the judgment foreclosing the same. Judgment was rendered in favor of Sugg for the property, but such judgment was expressly made subject to and without prejudice to the rights of Mozoch under the judgment in the original suit. The cause was tried by the court without a jury, and there are no specific findings of fact in the record. Other questions than those we will discuss have been presented, but in our view of the case the presumption in favor of the right action of the trial court serves to eliminate those questions, and for the purposes of this decision it may be said that Mozoch, appellant herein, is in the position of the original vendor, and Sugg, the appellee, in the position of the original vendee, and their rights must be determined accordingly.

[1, 2] In case of default of the vendee in executory contracts of this nature, the vendor may resort to either of two remedies, according to his election: First, he may rescind his contract and recover the superior

title to the land, which, up to the time of final election, remains in him; or, second, he may affirm the contract and enforce specific performance, in which event he may have judgment against the vendee for the unpaid purchase price, together with decree of foreclosure of his lien. He is not entitled to both remedies, however, and when he elects to pursue one he thereby abandons the other. Gustafson v. Land Co. (Tex. Civ. App.) 234 S. W. 244.

[3, 4] It depends somewhat upon the progress of each case as to just when the election of remedies has become complete and irrevocable in such case. The option remains in the vendor up to the time of announcement for trial, or so long as he has the privilege of amending his pleadings; and where the vendee's pleadings, such as the plea of limitations, render the vendor's position untenable or hazardous, the latter may shift his position, and sail with the most favorable wind. But none of these privileges were available to appellant in this case, as he contends. The suit in which he had the right of election had long since been tried and disposed of, and his rights and remedies fixed in a judgment which had long since become final. He had made his election irrevocably in the original action, and must abide by it. He has not shown himself injured by his course in the original action. He elected to foreclose, and his remedy thereunder was complete. So far as the record here shows, the judgment in that proceeding is alive, and may be executed at any time he directs. Under it he may, when he chooses, have the land sold to satisfy his money demand, and he may have his deficiency execution as well. More than this he was never entitled to; all of it he still has.

At the time the former judgment was rendered, appellee, as vendee, still held the legal title to the land, and this was and is his until he is divested of it by the sale of it under the former judgment. That is all he obtained under the judgment here appealed from, which was rendered expressly subject to and without prejudice to appellant's rights under the former judgment. So the rights of both parties were by the judgment here complained of preserved in statu quo; none of these rights were affected by that judgment. The legal title which passed to Sugg under the contract was crystallized in this judgment; the right to the balance of the purchase money and to foreclosure, secured to Mozoch in the contract, was crystallized in the judgment in the original suit, according to his seeking and election. The complete remedy afforded him under the law is in his hands, to be used by him when he chooses. The courts may not force him to give effect to this remedy, but they will not permit him to retain it, and at the same time resort to other remedies which he has long since re-

jected and waived. Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314.

The judgment is affirmed:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes