**SUGG v. MOZOCH et al.   (No. 7092.)**

Court of Civil Appeals of Texas. Austin.
April 9, 1927.

Rehearing Denied April 27, 1927.

1. **Judgment ⬳780(2)—Statutory judgment lien does not attach to interest of mortgagee in possession who has foreclosed and is entitled to sale if owner does not pay (Rev. St. 1925, art 5449).**

Lien of judgment in trespass to try title by one holding quitclaim deed from owner of legal title, against true owner of mortgagee's interest, does not attach under Rev. St. 1925, art. 5449, to interest of assignee in possession of nominal mortgagee, who has elected to enforce mortgage contract and has foreclosed lien by suit, and who is entitled to sale of premises on condition that owner of legal title does not pay before sale, since statutory lien of judgment attaches only to "real estate", which requires fee-simple title.

2. **Judgment ⬳777—Vendor's lien notes on realty are "personal property," and unsatisfied judgment foreclosing lien gives no greater interest.**

Vendor's lien notes, mortgages, or trust deed liens on real estate are "personal property," and unsatisfied judgment foreclosing any such lien gives no greater interest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

3. **Judgment ⬳780(1)—Judgment lien does not attach to equity, though accompanied by possession.**

Judgment lien does not attach to mere equity, though accompanied by possession.

4. **Judgment ⬳785(2)—Judgment lien against true owner of mortgagee's interest in land did not attach where grantee of nominal owner, with notice, conveyed to another without notice, who conveyed to defendants in possession (Rev. St. 1925, art. 5449).**

Lien of judgment against true owner of mortgagee's interest in land *held* not to attach under Rev. St. 1925, art. 5449, where grantee of nominal owner and trustee, with notice, con-

veyed to another, without notice, who in turn conveyed to defendants in possession, notwithstanding that defendants had notice of judgment creditor's claims and that trustee's deed was not recorded when abstract of judgment was recorded; registration laws being inapplicable.

**5. Judgment ⬒779(1)—Judgment lien is restricted to judgment debtor's actual interest, except as modified by registration laws.**

Statutory lien of judgment is restricted to actual interest of judgment debtor, except as modified by registration laws, at time of filing and recording judgment, or thereafter acquired.

**6. Judgment ⬒788(1)—Statute providing that unrecorded conveyance of interest in land shall be void as against judgment lien held inapplicable to conveyance of equities requiring aid of court to establish.**

Statute providing that unrecorded conveyance of real property or any interest therein shall be void as against lien of judgment does not apply to conveyance of equities requiring aid of court of equity to establish.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Action in trespass to try title by J. D. Sugg against I. J. Mozoch and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Spell, Naman & Penland, of Waco, for appellant.

Wilcox & Graves, of Georgetown, Winbourn Pearce, of Temple, and A. L. Curtis, of Belton, for appellees.

BLAIR, J. Appellant sued appellees in trespass to try title for certain real estate in Williamson county, asserting title thereto under a quitclaim deed from John T. Sudduth to himself, and recovered judgment for possession, without prejudice, however, to the rights of the parties in reference to certain unsatisfied judgments in favor of W. P. Young et al. against Sudduth, foreclosing vendor's and deeds of trust liens on the land; appellees as owners of these judgments being in possession of the premises when the suit was filed. Appellant's judgment for possession was reversed by the Commission of Appeals upon the ground that appellees and their grantors or assignors of the purchase-money notes or the judgments representing them at least stood in the position of a mortgagee in lawful possession of the land, and that appellant was not entitled to possession as grantee of Sudduth's legal title until he complied with Sudduth's contracts and paid or tendered payment of the amount due on his purchase-money notes or on the judgments foreclosing them; and the cause was remanded so as to permit appellant to establish his allegations that the notes or judgments had been satisfied, or any other "equi-

ties not disclosed by the record." See Mozoch v. Sugg (Tex. Civ. App.) 240 S. W. 625, and Id. (Tex Com. App.) 254 S. W. 770.

Now, when the cause again reached the trial court, appellant abandoned, in so far as concerns this appeal, all issues of satisfaction of the notes or judgments pleaded, and filed a supplemental petition, seeking in the alternative to foreclose a statutory "lien of judgment" on the land, alleged to exist by virtue of a judgment rendered for appellant against Mid-Tex Oil Mills in the district court of Bell county, the abstract of which was filed in Williamson county on August 6, 1919, and at which time Mid-Tex Oil Mills was alleged to be the true owner of the land in controversy. On a trial to the court without a jury, appellant was denied a foreclosure of his alleged statutory lien, and judgment was rendered for appellees, which we affirm for two reasons:

[1] 1. The judgment debtor, Mid-Tex Oil Mills, was not shown to have ever had any such interest in the land as would subject it to the lien of judgment prescribed by article 5449, R. S. 1925. We shall commence where the opinion on the former appeal left off. That opinion is res adjudicata of the question that the interest of W. P. Young as record nominal owner of the vendor's or deeds of trust lien notes, or the unsatisfied judgments representing them, and the interest of his grantees or assignees was at least that of a mortgagee in lawful possession of the land. The evidence adduced on this trial amply justifies a finding in support of the judgment that the only interest W. P. Young or his grantees or assignees ever had in the land was that of a mortgagee in lawful possession, conditioned that they surrender possession of the holder of the legal title upon his paying the mortgage debt. It is admitted that whatever interest Young had as nominal record owner of the purchase-money notes or the judgments foreclosing them was in fact held by him in trust for the Mid-Tex Oil Mills, the judgment debtor.

The lien of judgment fixed by statute only attaches to "all the real estate of the defendant," and the term "real estate" as used in the statute has been construed to be synonymous with and a convertible term in law of "title in fee simple to real estate," and "that no one can be owner of land or real estate unless he has title to it in fee simple." Scogin v. Perry et al., 32 Tex. 22. Or, as held in Bourn v. Robinson, 49 Tex. Civ. App. 157, 107 S. W. 876:

"The terms 'real estate,' as used in this article, mean something more than a mere chattel interest in land—more than a simple contract right to perform conditions, aside from the payment of the purchase price—and demand a conveyance of the title. They import a freehold interest, either an estate for life, or in fee simple. Scogin v. Perry, 32 Tex. 21; Harring-

ton v. Sharp, 1 G. Greene (Iowa). 131, 48 Am. Dec. 365."

[2] It is also well settled that vendor's lien notes, mortgages, or deeds of trust liens on real estate are personal property, and we think that an unsatisfied judgment foreclosing any such lien gives no greater interest, because in either instance the land must be surrendered upon the payment of the debt. Freeman on Judgments (5th Ed.) vol. 2, pp. 1974, 2021, and 2043; Pease v. Franks, 263 Ill. 500, 105 N. E. 299; Tunnell v. Johnson (Tex. Civ. App.) 209 S. W. 450.

[3] The following from Freeman on Judgments (5th Ed.) vol. 2, p. 1970, expresses our view:

"At common law a judgment lien did not attach to a mere equity, though the equity was accompanied by possession. This rule of the common law prevails in several of the United States and is generally applied, in the absence of any statute creating a different rule. Thus, though the statute provided that a judgment should 'be a lien on all real property of the judgment debtor, not exempt from execution, owned by him in the county at the time of docketing,' it was held not to make a judgment a lien on the equitable title of the defendant"— citing Brandies v. Cochrane, 112 U. S. 344, 5 S. Ct. 194, 28 L. Ed. 760; Cook v. Dillon, 9 Iowa, 407, 74 Am. Dec. 354; Flint v. Chaloupka, 72 Neb. 34, 99 N. W. 825, 117 Am. St. Rep. 771; Chautauque County Bank v. White, 6 N. Y. 236, 57 Am. Dec. 442.

Texas courts have "consistently" followed the common-law decisions in determining the nature and extent of interest in real estate as would subject it to a statutory lien of judgment. First State Bank v. Jones, 107 Tex. 623, 183 S. W. 876. So, in view of these decisions, we are of the opinion that the lien of judgment fixed by our statutes does not attach to the interest of a mortgagee, although in lawful possession, who has already elected to enforce his mortgage contract and has foreclosed his lien by suit, and who is only entitled to a sale of the premises under the foreclosure judgments upon condition that the owner of the legal title does not pay them off before sale.

[4] 2. If it should be held that the judgment debtor, Mid-Tex Oil Mills, ever had any such interest in the land as would subject it to the statutory lien of judgment, which is not conceded in any respect, still it had sold its interest and had no actual interest at the time appellant filed his abstract of judgment. The evidence is as follows: In May, 1918, W. P. Young executed a warranty deed conveying the property to A. W. Storrs et al., all of whom knew that Young was nominal owner only, and that Mid-Tex Oil Mills was the true owner of whatever interest conveyed. This deed was recorded in the deed records of Williamson county on June 7, 1920, which was after the abstract of judgment was filed and recorded. Storrs et al. executed a warranty deed conveying the property to T. W. Cole on July 29, 1919, which was filed and recorded August 2, 1919. Appellant's abstract of judgment was filed August 6, 1919. Cole had no notice that Mid-Tex Oil Mills ever had or claimed any interest in the land. The record title to the notes, deeds, and judgments was in the name of Young as nominal owner, and at no time did the records show that the Mid-Tex Oil Mills ever claimed any interest by virtue of them or any record interest whatsoever. Cole conveyed the property by deed to appellees on June 8, 1920, who of course acquired whatever interest grantor had, although they had notice of the abstract of judgment and other claims of appellant at the time they purchased the property.

[5] It is the settled law that the statutory lien of judgment is restricted to the actual interest of the judgment debtor,' except as modified by the registration laws, at the time of filing and recording the judgment, or thereafter acquired. Ilse v. Seinsheimer, 76 Tex. 459, 13 S. W. 329; Allday v. Whitaker, 66 Tex. 673, 1 S. W. 794; York v. Robbins (Tex. Civ. App.) 240 S. W. 603; Blankenship v. Douglas, 26 Tex. 228, 82 Am. Dec. 608; First State Bank v. Jones, 107 Tex. 623, 183 S. W. 876; Dallas Land & Loan Co. v. Sugg (Tex. Civ. App.) 237 S. W. 955.

Appellant admits this to be the law, but seeks to invoke the aid of the registration laws because the deed from W. P. Young, as trustee in fact for the judgment debtor, to A. W. Storrs et al., was not of record at the time his abstract of judgment was filed and recorded, and that he had no notice of it. In other words, appellant contends that he occupies the position of a judgment creditor without actual or constructive notice of an unrecorded deed conveying the judgment debtor's interest, and that therefore his lien of judgment cannot be defeated by the unrecorded deed under provision of the registration laws. But appellant does not occupy that position. He is simply claiming a lien on property which was never shown by the records to have belonged to the judgment debtor, and which in truth and in fact did not belong to it at the time the judgment was filed and recorded. And under such facts the registration laws have no application.

The case of Lewis v. San Antonio Belt & Terminal R. Co. (Tex. Civ. App.) 208 S. W. 991 (writ of error refused) is a parallel case in this respect. There title to the land had once been in the judgment debtor, by virtue of an unrecorded deed, but he had conveyed his interest by another unrecorded deed prior to the time the abstract of judgment was filed, and the court held that the present owners, although claiming by virtue of the unrecorded deeds, had a prior claim to the land because the judgment debtor had no actual interest in the land at the time the abstract of judgment was filed, and because:

"The registration laws cannot be invoked by appellant in this case, and if any attention is to be paid to the provisions of article 5616, Revised Statutes, and to the opinions thereunder, notably, First State Bank v. Jones, 107 Tex. 623, 183 S. W. 875, appellant acquired no right or title to the land which did not belong to Hildebrand, but which belonged to another when it was sought to fix the judgment lien on the land."

In this case the judgment debtor's title was the superior equitable title which existed because Young held nominal record title in trust for it; and, as held in Johnson v. Darr, 114 Tex. 516, 272 S. W. 1101 (Special Supreme Court), such title "could have been enforced in a court of equity," and would have been subject to the judgment lien of appellant but for the fact that judgment debtor's interest had been legally conveyed by its trustee long before the abstract of judgment was lodged for record. Cole purchased the property without notice that the judgment debtor even owned the superior equitable title to the property, and before the abstract of judgment was filed, and as stated in Johnson v. Darr, supra:

"The decisions of this state uniformly hold that the registration statutes do not apply to equitable titles. That bona fide purchasers for value are protected against the assertion of such title is because of the doctrine of estoppel, and not the registration statutes."

[6] And, as is said in Freeman on Judgments (5th Ed.) vol. 2, p. 2043:

"A statute providing that an unrecorded conveyance of real property or any interest therein shall be void as against the lien of a judgment has been held to apply only to conveyances which, if recorded, would give notice, and not to equities which require the aid of a court of equity to establish"—citing Meier v. Kelly, 22 Or. 136, 29 P. 265.

We find no error in the judgment, and it is affirmed.

Affirmed.