**TURNER v. SIMS, County Judge, et al.**
(No. 7422.)

Court of Civil Appeals of Texas. Austin. Sept. 25, 1929.

Rehearing Denied Oct. 15, 1929.

Harris, Harris & Sedberry, of San Angelo, and Wm. E. Davenport, of Wichita Falls, for appellant.

Hartgraves, Swaim & Hartgraves, of Menard, and Critz & Woodward, of Coleman, for appellees.

BLAIR, J. Appellant sued for a temporary mandatory injunction to compel appellees, the county judge and commissioner's court of Concho county, to remove certain stock gaps and fences as obstructions from an alleged public road and to reopen and restore it for use, alleging that it had been unlawfully closed without petition of the freeholders or notice to appellant as required by statute. On a hearing after notice, the petition was refused; hence this appeal.

The evidence shows that before the filing of this suit the appellee commissioner's court abandoned and closed the road in question without petition of the freeholders or notice to appellant and opened a new road nearby, but with stock gaps leading through a pasture. The new road caused appellant and his family, when using it, to travel about one-half of a mile farther in going to town or market, school, and church. However, they only used the old road, and now use the new road during wet weather and when the Concho river is on a rise from rains, because a nearer and better road leads from appellant's home in another direction across a low-water concrete causeway or bridge over said river. There is a sharp conflict of evidence as to whether the road closed was better than the new road. The damages claimed by appellant were such as were occasioned by having to travel the extra distance, the hazard of dragging off parts of his automobile because of the manner of construction of the stock gaps, the impassable condition of the new road in extremely wet weather, and the decrease in the market value of his land.

This evidence clearly sustains the action of the trial court under the settled rule that a temporary mandatory injunction will not issue unless extreme or very serious damage will ensue from withholding the relief. Certainly the injuries or damages complained of are not so irreparable or extreme, or of such very serious consequence as to invoke the harsh writ of mandatory injunction to compel appellees to reconstruct a bridge, and to tear down fences and to reopen the old road and restore it for use pending a final hearing of the case on its merits.

Whether the commissioner's court could lawfully close the road in question without a petition of the freeholders or notice to appellant appears from the pleadings and evidence to be a question of fact to be determined on final hearing of this case on its merits, and therefore cannot properly be determined on this appeal from the order denying the temporary injunction.

We therefore affirm the judgment of the trial court.

Affirmed.