**GAMER et al. v. LOVE et al.**

No. 12455.

Court of Civil Appeals of Texas. Fort Worth. May 30, 1931.

Rehearing Denied July 3, 1931.

C. C. Gumm, of Fort Worth, for appellants.
W. J. Rutlege, Jr., of Dallas, for appellees.

**DUNKLIN, J.**

On October 19, 1925, a judgment was rendered by the district court of Dallas county in favor of Ralph M. Love and Gus Savanovitch against the Gamer Paper Company for the sum of $1,920.80, with 6 per cent. interest thereon. That judgment was rendered upon a verdict which had theretofore been returned in that case on March 11, 1925. An abstract of that judgment in terms of the statutes was filed and recorded in the office of the county clerk of Tarrant county on November 21, 1925, in which county the Gamer Paper Company had its principal office and place of business. On June 20, 1925, four months prior to that judgment and about three months after the return of the verdict, the Gamer Paper Company, by Chas. Gamer, Sr., president, executed a deed of conveyance to Chas. Gamer, Sr., to lots 9, 10, and 11 in block 2, Daggett addition to the city of Fort Worth, which deed was filed for record in the deed records of Tarrant county on June 24, 1925.

On April 19, 1927, execution was issued on the above-mentioned judgment, directed to the sheriff or any constable of Tarrant county, and was by the sheriff of that county levied on the real estate above described, on April 20, 1927.

On May 20, 1927, Chas. Gamer, Sr., joined by his wife, executed a deed of conveyance to the same property to his son, Charles J. Gamer, and that deed was duly recorded in the deed records of Tarrant county.

In the deed from the Gamer Paper Company to Chas. Gamer, Sr., the consideration and purpose of that conveyance was recited as follows:

"Whereas, the Gamer Paper Company, a corporation, of Fort Worth, Texas, is the legal owner of the real estate and premises hereinafter described;

"Whereas, Chas. Gamer, Sr., President of said corporation, has become by purchase, and is now, the owner of all of the shares of capital stock of said corporation, and is now the sole and only stockholder thereof;

"Whereas, said corporation has ceased to engage in the business for which it was created or to exercise the rights and privileges conferred upon it by its charter, and it is the intention of the said Chas. Gamer, Sr., in the near future to effect the dissolution of said corporation;

"Now, therefore, know all men by these presents:

"That the Gamer Paper Company, a corporation duly incorporated under and by virtue of the laws of the State of Texas, having its principal office in Fort Worth, Texas, acting herein by and through Chas. Gamer, Sr., its President, in consideration of the premises, and for the purpose of transferring the legal title of the property hereinafter described to the beneficial owner thereof, has granted, sold and conveyed and by these presents does grant, sell and convey unto Chas. Gamer, Sr., of Fort Worth, Tarrant County, Texas, all and singular the following described real estate situated in Tarrant County, Texas, viz:" (Here follows description of the property.)

The consideration recited in the deed from Chas. Gamer, Sr., and wife, to Charles J. Gamer, is as follows:

"For and in consideration of the sums assumed and paid and agreed to be paid .by Charles J. Gamer as follows:

"(a) The assumption of the balance remaining unpaid upon an issue of Eighty-Five Thousand ($85,000.00) Dollars First Mortgage seven per cent, serial gold bonds, dated June 1, 1923, and secured by deed of trust of that date on the hereinafter described property in favor of the Interstate Trust & Banking Company and Henry M. James, Trustee;

"(b) The assumption of the payment of state, county and city taxes for the year 1927, upon the hereinafter described property;

"(c) The execution by the grantee herein of a series of notes aggregating Eighty Thousand ($80,000.00) Dollars, said notes being sixteen (16) in number, payable to the order of Charles Gamer, Sr., for the principal sum of Five Thousand ($5,000.00) Dollars each, of even date herewith, due and payable on June 1, 1923, to June 1, 1949, respectively, bearing interest from date and for the first six (6) years at the rate of three per cent. (3%) per annum, and thereafter until maturity at the rate of five per cent (5%) per annum, interest payable semiannually on June 1st and December 1st of each year as it accrues; bearing interest after maturity at the rate of eight per cent (8%) per annum, both principal and interest being payable in the City of Fort Worth, Tarrant County, Texas, and said notes providing that the failure to pay any one of them or any installment of interest thereon when due shall, at the election of the holder thereof, mature all of said notes; and further providing for the payment of ten per cent (10%) additional upon principal and accrued interest as attorneys' fees should same be placed in the hands of attorneys for collection."

After the levy of the execution mentioned above, Chas. Gamer, Sr., and Charles J. Gamer instituted this suit to enjoin the sale of the property under that writ.

A temporary writ of injunction was issued restraining the sale of the property pending the trial of the suit on its merits; but on the final trial that writ was dissolved and a judgment was rendered denying plaintiffs their prayer that the temporary writ be made permanent; and further decreeing a cancellation of the deed from the Gamer Paper Company to Chas. Gamer, Sr., and the deed

from Chas. Gamer, Sr., and wife to Charles J. Gamer; also a cancellation of the notes given by Charles J. Gamer to Chas. Gamer, Sr., as recited in the deeds to Charles J. Gamer. The judgment further decreed that the filing of the abstract of judgment, recited above, and the levy of the execution fixed valid liens on the property in controversy, which were superior to the claims of title under both the deeds above referred to, both of which liens were foreclosed and the property ordered to be sold by the sheriff to satisfy the judgment recovered by Ralph M. Love and Gus Savanovitch against the Gamer Paper Company. From that judgment the plaintiffs have prosecuted this appeal.

By cross-action Love and Savanovitch claimed valid liens by the filing of the abstract of judgment and the levy of the execution, which they prayed be foreclosed as against both plaintiffs. They also alleged that the conveyance to the president of the company was contrary to the provisions of articles 3996 (as amended by Acts 40th Leg. [1927] c. 30, § 1 [Vernon's Ann. Civ. St. art. 3996]), and 3997, Rev. Civ. Statutes of 1925, by the terms of which that conveyance was a fraud as against the creditors; and further that the conveyance was made for the purpose of defrauding the judgment creditors of the corporation, including the plaintiffs, and that the same was made without consideration.

By supplemental pleadings and trial amendment, the truth of the allegations in the cross-action were put in issue.

The case was tried before a jury, and, after the evidence was concluded, the court instructed a verdict in favor of the defendants over plaintiffs' objection, and rendered a judgment in accordance with the verdict returned in obedience to that instruction. The trial judge also filed findings of fact and conclusions of law, which are as follows:

"I find that: (1) The Gamer Paper Company was on March 11, 1925, a corporation organized under the laws of Texas.

"(2) The stock of the said company was owned almost entirely by Charles Gamer, Sr., who was also the president of said corporation, one share of stock being owned by an employe and one share of stock by his son Charles Joseph Gamer, and one share by his wife, each of the latter two being directors.

"(3) On March 11, 1925, Ralph M. Love, and others obtained a judgment against the said corporation for $1920.80 with interest at 6% per annum, and court costs amounting to $29.15.

"(4) Said judgment was rendered pursuant to a verdict in said cause rendered some six months before that time, and after said verdict, but before the said judgment, the said Gamer Paper Company, by its president Charles Gamer, conveyed to the said Charles Gamer the warehouse located on East Front Street which is involved in this suit, and which was substantially all the property that the Gamer Paper Company owned, it disposing of its stock of merchandise at the same time other persons, leaving it with no record assets of any kind.

"(5) On November 21, 1925, an abstract of judgment of the above cause was duly recorded in the judgment records of Tarrant County.

"(6) On April 20, 1927, Love et al caused to be issued an execution on said judgment, and levied by the sheriff of Tarrant County properly upon the East Front warehouse above referred to. After said execution was levied Charles Gamer made a deed to said property to his son Charles Joseph Gamer, reciting the assumption of outstanding indebtedness and the execution of some notes and without the payment of any cash or other consideration than the notes.

"(7) Since said deed Charles Joseph Gamer has paid nothing on said property, except that the rents from the same have been applied to the lien indebtedness.

"(8) The Gamer Paper Company had ceased to do business at the time of the transfer of the property from Charles Gamer to Charles Joseph Gamer, but its charter was not revoked until some months later.

"(9) The Gamer Paper Company has not now and did not have, from the time of the deed above referred to from the corporation to Charles Gamer, any property sufficient to meet the debt evidenced by said judgment.

"(10) Charles Gamer and Charles Joseph Gamer attended the trial of said cause in Dallas County, hired attorneys and defended the cause and testified therein, and knew of the verdict and what it contained, and knew at all times that a judgment would probably be rendered therein for Love et al against the Gamer Paper Company.

"(11) The deed from the Gamer Paper Company to Charles Gamer was made with the intent to defraud Love et al of the debt.

"(12) The Deed from Charles Gamer to Charles Joseph Gamer was also made in furtherance of the effort to defraud Love et al out of their debt and this intention was known to and was a part of the plan of Charles Joseph Gamer in accepting the deed.

"I conclude that: (1) The deed from the Gamer Paper Company to Charles Gamer is of no effect as against Love et al.

"(2) The deed from Charles Gamer to Charles Joseph Gamer is of no effect against Love et al.

"(3) Said conveyance should be as to Love et al set aside.

"(4) The abstract of judgment filed by Love et al fixed a lien upon the premises described in said petition.

"(5) The levy of execution issued by Love et al fixed a lien upon the premises described in the pleadings.

"(6) Love et al should have an order of sale directing the sheriff to sell said property for the satisfaction of Love et al judgment against the Gamer Paper Company."

While Charles Gamer, Sr., testified on the trial that out of his own personal funds he had paid off the obligations of the Gamer Paper Company, amounting to some $46,000, and failed to plead such payments as a consideration supporting the conveyance so taken by him, yet we believe that such testimony, in connection with other testimony and circumstances in evidence, was sufficient to require the submission to the jury of the issue, whether or not the corporation was then insolvent and whether or not the conveyance to him was for the purpose of defrauding the creditors of the Gamer Paper Company, as found by the trial judge.

As shown by the record noted above, at the time of the conveyance of the Gamer Paper Company to Charles Gamer, Sr., the judgment against the Gamer Paper Company had not been rendered, and was not rendered for four months thereafter. The filing of the abstract of that judgment could not relate back and create a lien on property theretofore owned by the paper company and not owned by it at the time of such filing. When it was filed the legal title to the property was in Chas. Gamer, Sr., and the judgment lien did not attach to it because of that fact, even though it could be said that the judgment creditor would have the equitable right by suit to cancel that deed and also the subsequent deed to Charles J. Gamer, and establish and enforce an equitable lien on the property to pay the judgment on the ground that they were made for the purpose of defrauding creditors of the corporation.

In Sugg v. Mozoch (Tex. Civ. App.) 293 S. W. 907, and authorities cited in the opinion in that case, it seems to be definitely settled that a judgment lien does not attach to an equitable title to realty owned by the defendant, but only to realty which the debtor holds by legal title. Other decisions, such as Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098, and Lewis v. San Antonio Belt & Terminal Co. (Tex. Civ. App.) 208 S. W. 552, are in accord with that decision in principle.

Nor did the levy of the execution create a lien on the property unless the deed to Chas. Gamer, Sr., was made for the purpose of defrauding the creditors of the Gamer Paper Company, or else was in contravention of the statutes relating to the winding up of the business of a corporation upon its dissolution while in an insolvent condition. We do not believe the court was authorized to take from the jury the determination of the facts which would support either of those conclusions.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded.