## SOUTH TEXAS LUMBER CO. et al. v. NICOLETTI.

### No. 2241.

Court of Civil Appeals of Texas. Beaumont.
Nov. 25, 1932.

Rehearing Denied Nov. 30, 1932.

Platt, West & Stevenson, of Houston, for appellants.

Adams & Moore and Morris & Bennett, all of Beaumont, for appellee.

O'QUINN, J.

This is a garnishment suit, ancillary to the suit of P. Nicoletti v. J. G. Berwick. October 16, 1929, Nicoletti recovered judgment in the county court at law of Jefferson county, against J. G. Berwick, for the sum of $260, together with costs of suit, and interest from the date of the judgment until paid at the rate of 6 per cent. per annum.

May 30; 1931, Nicoletti caused a writ of garnishment to be issued by the clerk of said court to the Beaumont Building & Loan Company, one of the appellants, which writ was duly served on same day. July 19, 1931, said garnishee filed its answer, in which it impleaded the South Texas Lumber Company and J. G. Berwick, defendant in the original cause. For convenience and brevity we shall refer to the Beaumont Building & Loan Company as the loan company and the South Texas Lumber Company as the lumber company.

In its answer, the loan company alleged that on January 28, 1931, L. W. Nelms and wife entered into a certain building contract with J. G. Berwick, as contractor, for

the construction of certain improvements on land in the city of Beaumont in which they agreed to pay Berwick for said improvements the sum of $3,000, evidenced by a note of even date with the contract, payable to said Berwick on or before 60 days with 8 per cent. interest, secured by a lien created by said contract; that by an unrecorded assignment dated January 28, 1931, Berwick transferred and assigned said note and lien to the lumber company; and that it, said garnishee, was informed and believed that thereafter said lumber company claimed it was the legal owner and holder of said indebtedness and note and lien securing the payment of same. That about March 31, 1931, said Nelms applied to said loan company for a loan, which was approved for $2,500, with which to take up the balance of said original indebtedness and lien; that in order to carry out the loan, inasmuch as the transfer to the lumber company had not been recorded, a transfer was taken direct from said Berwick to the loan company, said transfer being dated May 28, 1931, but that said loan company was then notified and informed that said lumber company was the owner of said original note and lien by virtue of said unrecorded transfer from Berwick, dated January 28, 1931, and that said lumber company was entitled to the proceeds of said loan of $2,500; that about said date, May 28, 1931, said lumber company delivered to said loan company said unrecorded transfer dated January 28, 1931, and the original note for $3,000 of said date, but that before payment was made of the proceeds of said loan, a writ of garnishment was served on it, said loan company, on May 30, 1931, whereupon it, said garnishee, retained in its possession said funds pending the termination of the cause.

June 29, 1931, Berwick answered the plea of the loan company, disclaiming any interest whatever in the funds held by the garnishee, and admitted that said funds and the proceeds of said loan belonged to the lumber company, and that he (Berwick), had long prior to the issuance of the garnishment writ, parted with his interest in or to said funds.

June 29, 1931, the lumber company filed its original answer to the pleading of the loan company, and on October 6, 1931, filed its amended answer duly verified. In said answer the lumber company alleged that it had purchased the original note from Berwick January 28, 1931, and had long prior to the issuance of the writ of garnishment fully paid Berwick the full consideration therefor and had been in the possession of said note since the date of its execution as the sole owner and holder thereof, and that Berwick had no interest in the note or the proceeds of the loan being made by said garnishees. That about August 20, 1931, $1,900 of said fund was paid to it, said lumber company, by said loan company under an agreement with the plaintiff, Nicoletti, but that the remainder, $600, was being withheld from said lumber company by said loan company, and prayed for judgment against plaintiff Nicoletti and said loan company for the said $600, attorney's fees, interest, and costs of suit.

Subsequent to the service of the writ of garnishment on the loan company, on June 25, 1931, plaintiff Nicoletti caused a writ of garnishment to be issued against appellant lumber company, which was duly executed the same day. June 27, 1931, said lumber company answered said writ denying that it was indebted to said Berwick in any amount whatever, and denied that it had in its possession any effects belonging to said Berwick, and denied that said Berwick was the owner of any shares of stock in said lumber company, and that it did not know of any person who was indebted to Berwick, and prayed that it be discharged with its costs and attorney's fees.

On motion of Nicoletti the' two garnishment suits were consolidated, and the cause proceeded under the style P. Nicoletti v. J. G. Berwick, Defendant, and South Texas Lumber Company, Garnishee.

October 8, 1931, Nicoletti filed his answer to the pleadings of the two garnishees and defendant Berwick. In his answer he alleged that there was no transfer from Berwick to the South Texas Lumber Company of the original Nelms note and lien; that if there was such transfer, the same was not recorded and was, therefore, void as to garnishor, who had no notice, actual or constructive, of said transfer; that if such transfer was actually made, it was an assignment of an interest in land, subject to the registration statutes of frauds, and subject to the lien given any judgment creditor who abstracts, records, and indexes his judgment; that prior to the giving of the note and lien by Nelms, he (Nicoletti) had caused his judgment against Berwick to be duly abstracted, recorded, and indexed in the office of the county clerk of Jefferson county, Tex., which gave to plaintiff a lien against the interest of Berwick under the mechanic's lien contract made by Berwick with Nelms and wife; that the South Texas Lumber Company knew of the judgment which plaintiff had against Berwick; and that it, said lumber company, became the transferee of said note and lien without recording same, with intent to hinder, delay, and defraud the creditors of said Berwick, and that said lumber company was trustee for the benefit of the creditors of Berwick, and, but for said fraudulent scheme and plan, plaintiff could have known that said note and lien were transferred to said lumber company, and could have garnisheed said company. He further alleged that said lumber company had reconveyed said note and lien to Berwick and that Berwick was the owner thereof on May

28, 1931, when he (Berwick) assigned same to the loan company; that said lumber company knew of plaintiff's claim and was not a bona fide purchaser of said note and lien.

October 12, 1931, the lumber company filed supplemental answer to plaintiff Nicoletti's pleading mentioned above, consisting of a general demurrer, numerous special exceptions, again denied that it was indebted to Berwick or had effects in its possession belonging to him, or that Berwick was the owner of any shares of stock in the company, and by cross-action, the particulars of which need not here be stated, prayed for judgment against Nicoletti for the sum of $600, with attorney's fees, interest, and costs of suit.

All the exceptions of garnishee lumber company were overruled, and the causes, as consolidated, were tried to the court without a jury, and judgment entered in favor of plaintiff Nicoletti against garnishees Beaumont Building & Loan Company and South Texas Lumber Company, for the sum of $260, with interest thereon at the rate of 6 per cent. per annum from October 16, 1929, and all costs, including those in the garnishment proceedings, and that South Texas Lumber Company recover nothing by its cross-action against Nicoletti, but that it recover of the Beaumont Building & Loan Company the remaining amount due out of the $600 after the judgment of plaintiff Nicoletti had been paid. By its judgment the court found that the Beaumont Building & Loan Company was indebted to the defendant Berwick in the sum of $600 at the time the writ of garnishment was served upon it, and that garnishee South Texas Lumber Company, at the time the writ of garnishment was served upon it, had in its possession effects of defendant Berwick and was attempting to dispose of said effects which belonged to the creditors of said Berwick.

Both garnishees, South Texas Lumber Company and Beaumont Building & Loan Company, excepted to the judgment above mentioned, gave notice of appeal, and each perfected its appeal by filing supersedeas bond, and the case is before us for review.

The court filed his findings of fact and conclusions of law. There is also in the record a complete and full statement of the facts prepared by the stenographer who reported the case, which is agreed to by the parties and approved by the court.

Many assignments of error, propositions, and counter propositions are found in the briefs of the parties, raising various and numerous questions, many of which we do not think are material to the disposition of the appeal, so we shall not discuss them seriatim, but only those deemed pertinent and necessary to a determination of the case.

Briefly stated, the facts show that on October 16, 1929, plaintiff Nicoletti recovered a judgment in the county court at law of Jefferson county, Tex., against J. G. Berwick for $260 and costs of court. March 28, 1930, he caused said judgment to be abstracted, recorded, and indexed in the county clerk's office of said county. January 28, 1931, L. W. Nelms and wife contracted with said Berwick to build for them a five-room residence on lot 10 in block 10 of the Calder Highlands addition to the city of Beaumont, in Jefferson county, Tex., for which they agreed to pay him the sum of $3,000, and executed and delivered to said Berwick their note in the sum of $3,000, together with a mechanic's and materialman's lien on said property to secure the payment of said note, dated January 28, 1931, and payable in sixty days. On said date, January 28, 1931, by written assignment, Berwick transferred said note and lien to the South Texas Lumber Company. On the back of this transfer were these indorsements: "Loan No. 840. Hold—do not record. The note should be delivered to Beaumont Building & Loan Co." May 28, 1931, Berwick executed and delivered to the Beaumont Building & Loan Company a transfer of said $3,000 note and lien, for which said loan company was to pay the sum of $2,500. This transfer was filed for record the same day. Before the money was paid, Nicoletti had writ of garnishment served on said loan company. That was the beginning of this suit. In discussing the questions passed upon, further statement of the facts will be made.

We think the undisputed facts show that at the dates the writs of garnishment were served on garnishees the South Texas Lumber Company was the owner and holder of said note and lien, and held same free from any claim or right of appellee by reason of his garnishment suits. Appellee makes several contentions why this is not so.

(a) It is first contended that in fact there was no transfer from Berwick to South Texas Lumber Company of the note and lien. As above stated, the note and lien were executed by Nelms and wife and delivered to Berwick on January 28, 1931, and on said date Berwick, by written assignment, transferred and delivered same to South Texas Lumber Company. The undisputed evidence shows that said lumber company furnished to Berwick material with which he built the house for Nelms, and money to meet the pay rolls for labor, and long before the writ of garnishment was served on either of the garnishees had fully paid Berwick for said note. But it is contended by appellee that ownership of and title to the note and lien did not pass to the lumber company because Berwick, by written transfer, conveyed the note and lien to the Beaumont Building & Loan Company at a later date, to wit, on May 28, 1931, and so it could not thereto-

fore have been the property of the lumber company. This contention is not sound. The undisputed evidence shows that the transfer from Berwick to the lumber company was merely a matter of convenience and to save delay and costs in negotiating a loan with the loan company. The loan company had full notice that Berwick had·theretofore transferred the note and lien to the lumber company, and that Berwick was making no claim to any interest in the note. The transfer from Berwick to the lumber company, not having been placed of record, at the suggestion of the attorney for the loan company and with the consent of the lumber company and the statement in writing of Berwick that he had no interest in the note and made no claim to same, the transfer of the note and lien to the loan company to obtain a loan was made directly by Berwick to the loan company as a short cut to closing the matter. In this there was nothing illegal nor fraudulent, and the transaction thus made did not in any manner affect or lessen the lumber company's ownership of or rights in the note or the proceeds of the loan thus secured: The statement on the back of the transfer (in pencil), "Hold—do not record. The note should be delivered to the Beaumont Building & Loan Co.," was placed there by the attorney of the loan company when the loan was negotiated.

■ (b) It is insisted by appellee that conceding that Berwick intended to and did transfer the note to the lumber company, said transfer was void, as to appellee, because appellant lumber company failed to put its transfer on record. The trial court, in his conclusions of law, so held. This contention cannot be sustained. The fact that the transfer was not placed of record in no wise affected appellants' rights in the premises. The transaction was not such as entitled appellee to notice. "The general rule is that garnishment, like other proceedings in invitum, affects only the property, money, credits and effects of the debtor in the hands of the garnishee, and the rule relating to bona fide holders or purchasers without notice ·has no application. And so it is likewise immaterial whether plaintiff has notice of the assignment before he brings his action." 28 C. J. § 153, pp. 110, 111. This is the rule in this state. 20 Tex. Jur. § 82, p. 810; Adams v. Williams, 112 Tex. 469, 478, 248 S. W. 673; Amarillo Nat. Bank v. Panhandle Telephone & Telegraph Co. (Tex. Civ. App.) 169 S. W. 1091.

■ (c) But appellee says that article 6627, R. S. 1925, requires that the transfer in question *must* have been recorded or it would be void as against "all creditors and subsequent purchasers." This upon the theory that the said instrument (the transfer of the note and lien) was a conveyance of land or an interest in land. Registration statutes are for the purpose of supplying notice. We have already held that the transaction in question was not such as that lack of notice of same would affect appellee's rights. While the assignment by Berwick to the lumber company was such as was permitted to be recorded, still it is not one that was required to be recorded in order to protect the rights and equities of the lumber company against garnishing creditors of Berwick. The transfer was not of land, but of a promissory note secured by a lien on land. The lien was but incidental to the note. · The .transfer of the note to the lumber company carried with it the lien. The assignment or transfer of the *note and not the lien* determined the ownership of the property. Moreover, though an instrument be entitled to registration, still it is not required to be recorded in order to protect equitable title evidenced thereby against attaching creditors. Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098; Sugg v. Mozoch (Tex. Civ. App.) 293 S. W. 907 (writ refused); Gamer v. Love (Tex. Civ. App.) 41 S.W.. (2d) 356. Rights acquired by judgment liens, attachment liens, and garnishment proceedings are restricted to the actual interest of the judgment debtor, at the time of filing and recording the judgment or acquiring the lien, except as modified by the registration laws. Appellee here seeks to invoke the aid of the registration statutes because at the time its writ of garnishment was served appellant lumber company's transfer of the note from Berwick was not of record, and that he had no notice of it. His exact contention is that he occupies the position of a judgment creditor without actual or constructive notice of an unrecorded transfer of the judgment debtor's interest in the property sought to be subjected to his debt, and, therefore, his judgment lien and garnishment cannot be defeated by the unrecorded transfer under the force of the registration laws. But appellee does not occupy that position. Berwick never owned the property on which the lien was given, but merely a lien on the property to secure the payment of the note. It is well settled that vendor's lien notes and mechanic's lien notes are personal property. In relation to such liens, the registration statutes have no application. Sugg v. Mozoch (Tex. Civ. App.) 293 S. W. 907, 909 (writ refused); First State Bank of Amarillo v. Jones, 107 Tex. 623, 630, 183 S. W. 874.

■ (d) It is insisted that as appellee had caused his judgment against Berwick to be duly abstracted, filed, recorded, and indexed, the lien thus claimed attached to the note and lien in the hands of Berwick at the time he acquired same and was superior to that acquired by the South Texas Lumber Company by transfer from Berwick. This contention is based upon articles 5448 and 5449, R. S. 1925.

Article 5448 provides that county clerks shall keep what is termed a "judgment record," wherein he shall immediately record all abstracts of judgment when presented to him for record, etc.

Article 5449 reads: "When any judgment has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county. Said lien shall continue for ten years from the date of such record and index; but if the plaintiff fails to have execution issued upon his judgment within twelve months after the rendition thereof, said lien shall cease to exist."

It is seen that the statute makes the judgment lien to operate only upon real estate—land. Since Berwick at no time became the owner of the real estate upon which the lien in question rested, the judgment lien was without force and has no bearing on the case. Sugg v. Mozoch (Tex. Civ. App.) 293 S. W. 907 (writ refused); Gamer v. Love (Tex. Civ. App.) 41 S.W.(2d) 356.

■ Aside from and independently of the matters above discussed, appellee was not entitled to recover. The effect of garnishment is merely to impound such debt as the garnishee may owe the garnishor's debtor, and the effects in the hands of the garnishee belonging to the debtor. If at the time the writ of garnishment is served the garnishee does not owe the debtor, and has none of the debtor's effects in his possession, no judgment against him can be had. Berwick was the original payee of the note. For valuable consideration fully paid he had transferred the note to garnishee South Texas Lumber Company before maturity of the note and long before being served with the writ in garnishment. Owing Berwick nothing, and having no effects of Berwick in its possession, judgment should have been for garnishee appellant South Texas Lumber Company.

The judgment is reversed and here rendered for appellant South Texas Lumber Company, that appellee Nicoletti take nothing as against it by his suit in garnishment, but that said lumber company do have and recover of said Nicoletti and the Beaumont Building & Loan Company, jointly and severally, the sum of $600, the funds remaining in the hands of said garnishee Beaumont Building & Loan Company. It appearing that the garnishment proceedings were wrongfully instituted by Nicoletti, it is the further judgment of the court that the South Texas Lumber Company have judgment against Nicoletti for interest on said sum of $600 at the rate of 6 per cent. per annum from May 28, 1931, to November 10, 1932, the date of this judgment, amounting to the sum of $58.20, and it further appearing that $1,900, a portion of the funds in the possession of the Beaumont Building & Loan Company belonging to the South Texas Lumber Company, was held under said Nicoletti's writ of garnishment from May 28, 1931, to August 20, 1931, before payment of same was made to said lumber company, it is the judgment of the court that said lumber company recover from said Nicoletti interest on said sum at the rate of 6 per cent. for said time, amounting to $25.65. It is the further judgment of the court that said Beaumont Building & Loan Company, South Texas Lumber Company, and J. G. Berwick recover of P. Nicoletti all costs in this behalf expended. It is further adjudged that garnishee Beaumont Building & Loan Company have judgment for $25 as attorney's fees for answering, it having prayed for such fee, and the court having found that same is reasonable, and that same be taxed as costs against plaintiff Nicoletti.