## ADAMS v. IMPEY.

### No. 3549.

Court of Civil Appeals of Texas. Beaumont.

July 13, 1939.

Rehearing Denied July 26, 1939.

W. W. Mason, of Mexia, and Barkley & Webb, of Houston, for appellant.

Hamilton, Harrell, Hamilton & Turner, of Dallas, Douglas McGregor, of Houston, and M. B. Harrell and J. Glenn Turner, both of Dallas, for appellee.

O'QUINN, Justice.

On the 7th day of May, 1936, this court entered its order affirming the judgment in the sum of $15,107.50, rendered by the district court of Polk County in favor of J. C. Impey against Harvey Richardson, Richardson v. Impey, 94 S.W.2d 490; writ of error to the Supreme Court was dismissed W. O. J.; writ of execution was issued on the judgment, directed to the sheriff of Polk County, and regularly returned "nulla bona"; on the 18th day of May, 1937, the judgment was duly abstracted in Montgomery County; nothing has been paid on the judgment, and at all times since its rendition it has been owned by J. C. Impey. On the 21st day of March, 1939, on petition filed by J. C. Impey, appellee, against appellant W. T. Adams and Harvey Richardson and certain other parties in the district court of Montgomery County, after due notice and a regular hearing a receiver was appointed to take charge of and control 7/32 of 5/6 interest in the oil and gas produced from one tract of 100 acres and a second tract of 14.97 acres, fully described in appellee's petition. In his petition for re-ceivership, appellee alleged that the realty impounded by the receivership belonged to Richardson and that a number of producing oil wells were being operated thereon; that by virtue of his abstract of judgment in Montgomery County, he held a lien against the realty described in his petition and that Richardson had caused the property to be transferred to appellant Adams in fraud of his rights; that the transfer was made to Adams by one Cameron, who since before the rendition of the judgment against Richardson had held it in trust for Richardson; he prayed that the property be subject to his judgment and, pending final hearing on the merits of his petition, that a receivership be ordered; on the issue of receivership, on the hearing on the 31st of August, 1939, appellee was granted the relief prayed for. From the order granting the receivership, appellant Adams has duly prosecuted his appeal to this court.

By his first three assignments of error and first proposition, appellant complains of the order of the court made in this interlocutory proceeding, overruling his plea in abatement based on the nonjoinder of certain parties alleged by him to be·necessary parties to this litigation. This point is overruled. The appeal is before us on an interlocutory order granting a receivership, and not from a final judgment. Arts. 2250 and 4662, R.C.S. 1925, do not confer the right of appeal from an interlocutory order on the issue of nonjoinder of necessary parties; injury on that issue can be complained of only on appeal from the final judgment. Zanes v. Mercantile Bank & Trust Co., Tex. Civ.App., 49 S.W.2d 922; Beacon Oil & Ref. Co. v. State, Tex.Civ.App., 56 S.W. 2d 519; Mills v. Moore, Tex.Civ.App., 5 S.W.2d 263; Turner v. Sims, Tex.Civ. App., 20 S.W.2d 355; Wright v. City of Dallas, Tex.Civ.App., 33 S.W.2d 223; Waid v. City of Ft. Worth, Tex.Civ.App., 258 S.W. 1114; Brady v. Cobbs, Tex. Civ.App., 211 S.W. 802; American Well Works v. De Aguayo, Tex.Civ.App., 53 S.W. 350; Brown v. Warner, 78 Tex. 543, 14 S.W. 1032, 11 L.R.A. 394, 22 Am.St. Rep. 67; Rio Grande & E. P. R. Co. v. Milmo, 79 Tex. 628, 15 S.W. 475; Graves v. Hall, 27 Tex. 148; West v. Hermann, 47 Tex.Civ.App. 131, 104 S.W. 428.

By the allegations of appellee's petition, the legal title to the realty impounded by the receivership was not at any time vest-

ed in Richardson; first, it was held by one A. A. Cameron, in trust for Richardson, then, at Richardson's request, Cameron conveyed the legal title to appellant Adams to be held in trust by appellant for Richardson, and Adams has continuously so held the legal title. It was alleged further that these transfers were in fraud of Richardson's creditors. We quote from appellee's petition: "And because of said simulated and fictitious transfer, made for the purpose of hindering, delaying and defrauding the creditors of said Harvey Richardson, including this plaintiff, plaintiff thereupon obtained and now has an equitable ·lien upon said interest of the said Harvey Richardson in said property above described, which plaintiff seeks by this suit to subject to the payment of his debts; that plaintiff also holds, as above set out, a valid and subsisting judgment lien against said property and plaintiff is entitled to a foreclosure of said equitable lien as well as said judgment lien against 7/32nds of 5/6ths of all the oil, gas and other minerals."

The proof was to the effect that Cameron conveyed the legal title to Richardson before he conveyed it to appellant Adams, but Richardson did not record the deed. After holding it about four months, Richardson delivered the deed back to Cameron, and on his request Cameron held the deed and agreed to continue holding it in trust for Richardson. Cameron and Richardson thought, and so dealt with the realty, that this oral agreement reinvested Cameron with the legal title. Subsequently on Richardson's request, Cameron conveyed the legal title to appellant Adams, as stated above, to be held by him in trust for Richardson. This was the state of the title when the interlocutory order in issue was entered.

■■ While appellee introduced proof to the effect that the legal title, by virtue of the conveyance from Cameron to Richardson, was in fact in Richardson, this proof had no support in appellee's petition, as stated above, appellee plead that the legal title was held for Richardson; first by Cameron and then transferred by Cameron to appellant Adams. Proof that Richardson held the legal title to the realty impounded by the receivership presents an immaterial point on this appeal. This follows on the simple proposition that proof without pleading will not support a judgment. So, the order in receivership

must rest upon the allegations made by appellee in his petition.

■ Under the jurisdiction of this state, a general creditor, holding no lien on the property of the defendant, cannot maintain ·an action for appointment of a receiver. Carter et al. v. Hightower, 79 Tex. 135, 15 S.W. 223; Ray-Featherstone Oil Co. v. Phoenix Oil Co. et al., Tex.Civ.App., 268 S.W. 1032; Federal Crude Oil Co. v. Yount-Lee Oil Co. et al., Tex.Civ.App., 73 S.W.2d 969; 36 Tex.Jur. p. 38, par. 15. By his petition, appellee claimed two characters of lien against the realty impounded by the receivership.

■ First, an equitable lien on his allegation of fraudulent transfer; in support of his equitable lien he cites 20 Tex.Jur. 483; Gamer v. Love, Tex.Civ.App., 41 S.W.2d 356; Cole v. Terrell, 71 Tex. 549, 9 S.W. 668. We do not discuss the nature of the lien created against Richardson's property by the mere filing by appellee of his petition. It was held by the court in Waples Platter Co. v. Mitchell, 12 Tex. Civ.App. 90, 35 S.W. 200, that such a lien or claim by the plaintiff would not support the appointment of a receiver.

■■ Appellee's second contention is that he had a statutory lien by virtue of the abstract of his judgment; as stated above, this point will have to be decided on the ·allegations of his petition—that Cameron and appellant Adams at all times in controversy held the legal title in trust for Richardson. On the allegations of the petition, Richardson never at any time held the legal title to the property, but his interest was an equity, held for him in trust by Cameron and Adams. It seems to be the settled rule of the law that the lien created by the abstract of a judgment, under the provisions of Art. 5447, R.C.S. 1925, does not attach to an equitable title. Sugg v. Mozoch, Tex.Civ.App., 293 S.W. 907; . Gamer v. Love, Tex.Civ.App., 41 S.W.2d 356.

Appellant insists that the court "independent of statutory authority" had the power to make the appointment on the finding that "an emergency existed requiring the appointment of a receiver." We do not discuss the law of this proposition, because under the facts, as we construe them, appellee had redress under other adequate remedies.

It follows that the order appointing the receiver must be reversed and set aside

and the receiver discharged. Accordingly it is so ordered. Order appointing receiver reversed and receiver discharged.